## WINSLOW v. WINSLOW.

No. 20087.   Opinion Filed April 19, 1932.

Warren K. Snyder and E. C. Snyder, for plaintiff in error.

Everest, Dudley & Brewer, for defendant in error.

HEFNER, J. This is an action brought by Josephine Winslow in the district court of Oklahoma county, against Charles A. Winslow for a divorce, division of property, and alimony. Plaintiff predicated her action on the grounds of extreme cruelty and gross neglect of duty. The trial court found in her favor, granted her a decree of divorce, and awarded her property valued at $5,050 as alimony, and as her share in the distribution of the property.

Defendant has appealed and asserts that the evidence is insufficient to authorize granting of a divorce. The parties were married January 24, 1917. The decree of divorce was granted September 8, 1927. The evidence of plaintiff was that, during the last few years of their married life, on numerous occasions, defendant had cursed, struck, beaten her, and scratched her face. This was denied by defendant. The trial court had the parties before it, heard their testimony, observed their demeanor, and found the issues in favor of plaintiff. We

cannot say that this finding is against the clear weight of the evidence, and the judgment granting the divorce must therefore be affirmed.

Defendant further urges that there was an inequitable distribution of the property, and that the court was unauthorized to grant plaintiff alimony. From the evidence, the trial court found that at the time of the marriage plaintiff was worth $1,050, and defendant $7,500. The evidence shows that the parties, during their marriage, accumulated property to the value of $3,000. Part of the joint funds owned by the parties at the time of marriage was invested in property in Oklahoma City, which was by them converted into an apartment house, the value of which, together with the furniture, was approximately $6,500 at the time of this action. In addition to the apartment house, they had property to the value of $5,000. The trial court awarded plaintiff the sum of $1,050, the amount she had on hand at the time of her marriage; $1,500 as her share of the jointly acquired property; and $2,500 as alimony out of the defendant's share of the property then owned, making a total of $5,050 allowed her. In lieu of these sums, the court awarded her the apartment house and furniture, which, after deducting the tax liens thereon, was of the value of $6,342, but surcharged the same with a lien in favor of defendant in the sum of $1,292.

In the case of Tobin v. Tobin, 89 Okla. 12, 213 P. 884, this court held that when a divorce is granted because of the fault or aggression of the husband, the wife shall be restored to all the property owned by her prior to the marriage; that the court shall make an equitable division of the property jointly acquired, and may also award the wife alimony out of the real or personal property, or both, owned by the husband.

When the allowance given plaintiff in the instant case is considered in connection with the entire value of the property owned by the parties jointly at the time the decree was granted—though we think it was liberal —we cannot say that the same is so unjust and inequitable as to require a reversal of the judgment, and the same is therefore affirmed.

CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CULLISON, J., absent.