## COLEMAN v. COLEMAN.

No. 27388.   Sept. 21, 1937.

Robert Burns, for plaintiff in error.

Jack W. Page, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Oklahoma county, decreeing a property settlement in an action for divorce. The appeal was brought by the plaintiff, and the parties will be referred to herein in the order of their appearance in the trial court.

It is contended by the plaintiff that: (1) The judgment of the trial court is erroneous and inequitable by failure to restore to the plaintiff all the money and property owned by her before marriage, and which was contributed to the joint business of plaintiff and defendant; (2) that it was the duty of the trial court to make an equitable division of the jointly acquired property between plaintiff and defendant after deducting the amount of personal and separate money contributed by plaintiff, and, besides restoring to the plaintiff her share of the property, to have rendered a decree for a reasonable alimony to the plaintiff out of the property of the defendant, which the court failed to do; (3) and that plaintiff is entitled to the allowance and payment to her by the defendant of a reasonable attorney's fee as fixed by the trial court in the sum of $300, and for the allowance of a like sum to her attorney for the prosecution of this appeal.

Section 672, O. S. 1931, governing property settlements and the granting of alimony in divorce actions, is as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name, if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; wnich alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties. and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of

the marriage, such portion of the wife's separate estate as may be proper."

In this case the divorce was granted by reason of the fault of the husband, and under said statute the wife was entitled to all the property owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and was entitled to such alimony out of the husband's real or personal property as the court deemed reasonable, having due regard to the value of his real and personal estate at the time the divorce was granted, and was entitled to such division of the jointly acquired property during their marriage as appeared to the court to be just and reasonable.

As to whether the trial court abused its discretion in making a just and reasonable property settlement between the parties and the allowance of a reasonable alimony is a question of fact to be determined from the record in the case. The plaintiff in her petition prayed for judgment for $4,850, and for one-half of all the property jointly owned by them, and for costs of the action and a reasonable attorney's fee, but asked for no alimony.

It appears from the record that soon after their marriage the plaintiff and defendant purchased the Jewel Rooms at 122½ West Reno for $4,800, of which sum the plaintiff paid out of her individual funds the sum of $4,500, the remaining $300 being paid out of the earnings of the rooming house. Later they purchased the Ryan Rooms for $1,300, of which amount the sum of $250 was paid out of jointly owned funds, the sum of $350 out of the individual funds of the plaintiff, and the sum of $800 out of the individual funds of the defendant. This property was later sold at a profit.

Next, the Columbia Hotel was purchased by them for $4,500, and later the Rasbach Hotel was purchased for $950, and both of these properties were paid for out of the earnings of the hotel and rooming house business jointly operated by the plaintiff and defendant. Improvements were made on the Rasbach Hotel to the extent of $1,800 out of the earnings therefrom. At the time of the divorce plaintiff and defendant jointly owned the Jewel Rooms, the Columbia Hotel, and the Rasbach Hotel.

In the decree appealed from, the court set over to the plaintiff the sum of $5,000 in cash and $2,000 in building and loan stock, which she held in her name, and to the defendant the sum of $1,200 cash and stock and securities of the value of $2,800 held in his name at the time, out of which, however, the court ordered the defendant to pay the plaintiff the additional sum of $2,750. Thus, it appears that out of cash estate of $11,000 the plaintiff received $9,750, and the defendant received $1,250. In other words, the court restored to the plaintiff her original investment of $4,800 from her individual funds, and in addition thereto awarded her the sum of $4,950 out of the jointly owned property, and to the defendant his original investment of $800, and the additional sum of $450 out of the jointly owned property. We are now referring to the cash estate accumulated by the joint efforts of the parties. The court further awarded the plaintiff the Jewel Rooms and the Columbia Hotel and the defendant the Rasbach Hotel. The plaintiff and defendant jointly owned all the furniture, fixtures, and furnishings of these three establishments, and acquired them by their joint industry during their marriage.

Each party selected an experienced hotel man to inspect the properties and to testify at the hearing relative to their value. Plaintiff's witness testified that the Columbia Hotel was worth $4,500 and the Jewel Rooms $1,000, and that the Rasbach Hotel was worth $5,000, while the defendant's witness testified that the Columbia Hotel was worth $7,000, the Jewel Rooms $1,000, and the Rasbach Hotel $4,500. Although these witnesses differed in their opinions as to the value of the Columbia and the Rasbach Hotels, yet, according to plaintiff's witness, the value of the properties awarded her was $500 more than the value of the property awarded the defendant.

It is, therefore, obvious that the trial court not only restored to the plaintiff her separate property, but awarded her practically all of the jointly acquired cash estate and more than half of the jointly acquired hotel properties.

Section 672, supra, vests in the court a reasonable discretion in making a division of property and the granting of alimony in divorce actions, and, as we view the record, we do not see that the plaintiff has just cause to complain. Although the plaintiff did not ask for alimony, it appears that the court granted her in the property settlement all she was entitled to recover.

It necessarily follows that the plaintiff is

not entitled to recover the attorney's fee and costs expended in prosecuting the appeal.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., concur.