## KUPKA v. KUPKA.

No. 30516. April 7, 1942.

*124 P. 2d 389.*

Darnell & Gibson and Mitchell & Mitchell, all of Clinton, for plaintiff in error.

Meacham, Meacham & Meacham, of Clinton, for defendant in error.

GIBSON, J. This is an action by a wife for divorce and division of jointly acquired property. Plaintiff was awarded a divorce, but appeals from that portion of the judgment decreeing a division of the property.

Plaintiff says the court should have allowed alimony in addition to a division of the property.

In view of 12 O. S. 1941 § 1278, the allowance of alimony out of the property of the husband is a matter within the trial court's discretion. Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900. And, with regard to the court's duty and power to decree a division of the jointly acquired property and to grant alimony in addition thereto, the rule is stated in Nelson v. Nelson, 175 Okla. 275, 52 P. 2d 786, as follows:

"Where a divorce is granted the wife because of the fault of the husband, the court in its discretion should make an equitable distribution of jointly acquired property, and may also in its discretion allow the wife alimony out of the property of the husband."

Here the plaintiff did not pray for alimony, but merely a division of jointly acquired property, costs and attorneys' fee, and other proper relief. Though the court may allow alimony even in the absence of a prayer therefor (Downing v. Downing, 121 Okla. 273, 249 P. 732), it cannot be said that the court abuses its discretion in failing to award alimony in addition to a division of the property where the prayer fails to ask for alimony.

Plaintiff says that the attorney fee of $80 allowed to her attorneys was inadequate. But we are unable to say under the evidence the fee was not sufficient.

Plaintiff next contends that the court failed to make equitable division of the jointly acquired property as required by statute (sec. 1278, supra).

The jointly acquired property consisted of a farm containing 320 acres. The parties lived on the farm but occupied separate houses, the plaintiff residing on the south portion and the defendant on the north. The court awarded plaintiff a life estate in the south 100 acres, and a life estate on the life of defendant in the north 220 acres. Defendant was required to pay all future taxes and certain indebtedness against the place. The fee title to the entire tract was allowed to remain in the defendant.

Plaintiff insists that the trial court either abused its discretion in so dividing the property or was without authority to divide the same other than in kind, a portion in fee to each party, or all to one, with compensation to the other in such sum as would effect a fair division, as required, so it is contended, by section 1278, above. The material portion of said section reads as follows:

"As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

We do not say that the foregoing provision is strictly a limitation in a jurisdictional sense on the court's powers in such case, but the statute clearly expresses an intent that the jointly acquired property be divided as contended by plaintiff. While the quantity to be awarded to each party is left largely to the discretion of the court (Nelson v. Nelson, supra), the nature of the estate to be awarded is not a matter of judicial discretion. The statute does not permit it. It says that the court "shall make such division between the parties, respectively, as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof." The plain purpose of that provision is that the property be so divided that the portion awarded to one would be free from the claims or domination of the other, a complete severance of the common title. Here, the property was land held in fee simple. A division in kind could be nothing short of a division in fee.

We do not reverse decrees of this kind unless they are against the clear weight of the evidence. Nelson v. Nelson, supra. But in the instant case the decree is against the clear weight of the evidence. The court did not correctly apply the law to the facts.

However, we cannot render a specific judgment in this case. Nor can we direct the trial court as to the exact character of judgment to be rendered. The evidence concerning the equities of the situation is not sufficiently clear to warrant a definite expression on our part.

The judgment, so far as it relates to a division of the property, is reversed and the cause remanded, with directions to proceed in conformity herewith.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, and HURST, JJ., concur. OSBORN, DAVISON, and ARNOLD, JJ., absent.