JACKS v. JACKS.

No. 31744. May 8, 1945.

Rehearing Denied June 26, 1945.

Application for Leave to File Second Petition for Rehearing Denied Oct. 9, 1945.

*163 P. 2d 968.*

Frantz C. Conrad, of Oklahoma City, for plaintiff in error.

A. V. Dinwiddie, of Guthrie, for defendant in error.

CORN, J. This is an appeal by James Jacks, plaintiff in error, defendant in the trial court, against Mattie Jacks, defendant in error, plaintiff in the trial court, from a decree of divorce and division of property.

The parties will be referred to herein as they appeared in the court below.

Plaintiff alleged in her petition extreme cruelty toward her by the defendant. She further alleged, in connection with the question of property division, that certain property belonging to her at the time of her marriage to the defendant should be declared to be her separate property. After a hearing the trial court granted a divorce to the plaintiff and gave her as alimony certain real estate which she owned at the time she was married, but had deeded to the defendant subsequent thereto. This being the identical land decreed to her. The defendant contends:

"By claiming in her petition that the foregoing described land, even though conveyed by her to defendant, constituted her separate property, the plaintiff thus attacks such transfer made by her to defendant. We think it unnecessary to burden this brief with a detailed discussion of this point since this court in Jacks et al. v. Dunham, 188 Okla. 353, 108 P. 2d 1020, approved the validity of the deeds between the identical parties to this divorce action. That case arose when a creditor of the plaintiff herein attacked the conveyance by her of the property to the defendant as fraudulent and unsupported by consideration. It is indisputable, therefore, that plaintiff in this action is estopped to attack the validity of such deeds since the legality thereof has been adjudicated by this very court in the above cited case."

And then cites cases holding that where one voluntarily assumes a certain position in a legal proceeding and succeeds in maintaining that position, he will not thereafter, because his interest has changed, be permitted to assume a contrary position, to the prejudice of a party who acquiesced in the position formerly taken by him, and then says:

"The attack by the plaintiff upon the validity of said deeds executed by her to defendant is precluded by reason of the judgment in Jacks et al. v. Dunham, supra."

This is not an action to cancel deeds or an attempt to vacate a former judgment. It is only an action for divorce and division of property. The evidence shows that plaintiff owned these two farms, a total of 120 acres, worth about $3,000, and that the defendant owned his farm worth about the same when they were married, and still owns it. Whether the land decreed to plaintiff was deeded to the defendant with or without consideration is immaterial.

In Coleman v. Coleman, 180 Okla. 574, 72 P. 2d 369, we held:

"The court is vested with a reasonable discretion in making division of property and the granting of alimony in divorce actions.

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name, if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of her husband's real and personal property as the court shall think reasonable, having due regard to his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money payable either in gross or in installments, as the court may deem just and equitable."

The trial court, in granting a divorce to the wife, may take into consideration the loss of her right of inheritance and make proper division of the property, not only the jointly acquired property, but may allow the wife alimony out of the property of the husband.

In Nelson v. Nelson, 175 Okla. 275, 52 P. 2d 786, paragraph 2 of the syllabus, we held:

"Where a divorce is granted the wife because of the fault of the husband, the court in its discretion should make an equitable distribution of jointly acquired property, and may also in its discretion allow the wife alimony out of the property of the husband."

In the case of Gray v. Gray, 89 Okla. 237, 215 P. 208, this court quotes with approval from the case of Galutia v. Galutia, 72 Kan. 70, 82 P. 461, as follows:

"There are many circumstances which properly enter into the mind of the court in making such an award, such as the financial ability of the parties, how the property was accumulated, the conduct of the parties, their station in life, etc."

The court heard the evidence, observed the demeanor and conduct of the parties, who were the main witnesses in the case, and upon ample evidence of extreme cruelty which is unnecessary to discuss properly granted the plaintiff a divorce. The same may be said for the issue of condonation. The evidence was sharply conflicting thereon. He gave the plaintiff 120 acres of land and left the defendant with 160 acres, which was all he had before he married the plaintiff, and since our statute vests in the court a reasonable discretion in making division of property and the granting of alimony in divorce actions, we are of the opinion that the court properly exercised its discretion in this matter and that the same was in no wise abused. We will not disturb the judgment of the lower court unless it is clear that there was an abuse of the discretion and that the judgment is manifestly against the weight of the evidence. Moorman et al. v. Pettit et al., 119 Okla. 22, 248 P. 838.

In Weaver v. Drake et al., 79 Okla. 277, 193 P. 45, we held:

"In an equitable action, the presumption is in favor of the findings of the trial court, and it will not be set aside unless clearly against the weight of the evidence. Where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general finding."

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, DAVISON, and ARNOLD, JJ., concur.