## GODDARD v. GODDARD.

No. 32162. Sept. 17, 1946.

*172 P. 2d 619.*

Joseph P. Davies, of Ponca City, and Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for plaintiff in error.

C. E. Heltzel, of Ponca City, for defendant in error.

GIBSON, C. J. Plaintiff in error, plaintiff below, instituted her action in the district court of Kay county against Clark Goddard for absolute divorce and permanent alimony. Defendant filed answer and cross-petition denying allegations of petition and asking for divorce from plaintiff. Each sought divorce upon ground of extreme cruelty and neglect of duty.

Plaintiff was awarded absolute divorce for gross neglect of duty and permanent alimony in the amount of $875. Plaintiff excepted to judgment for ali-

454

mony, filed motion for new trial, and upon same being overruled prosecutes this appeal wherein is presented and involved the single question whether the trial court awarded plaintiff sufficient alimony.

It is the contention of plaintiff, here, that the amount of alimony awarded is inadequate in view of the facts and circumstances, and therefore that the judgment should be reversed and remanded with instructions.

The plaintiff was without means at the time of marriage but performed menial service in the home. The value of the defendant's estate at the time of the divorce is not found by the court nor is the same to be definitely ascertained from the evidence.

The court found that plaintiff brought no property into the marriage and was not entitled to a division of property but was entitled to an equal division of the accumulated value of the estate which resulted from their joint efforts, which accumulated value was found to be $875.

The decree awarded plaintiff as permanent alimony, inclusive of her share in accumulated estate, the amount of $875, and found that there had been previously paid $200 temporary alimony and $100 attorney's fee.

The question of alimony and the amount thereof rests in the sound discretion of the trial court. (Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900.)

The decision of the trial court upon the question of permanent alimony will not be disturbed unless clearly against the weight of the evidence or there has been an abuse of discretion. (Harden v. Harden, 182 Okla. 364, 77 P. 2d 721.)

We have examined the evidence and find that the judgment is not contrary to the weight of the evidence.

Judgment affirmed.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.