## SCHATZ v. SCHATZ.

No. 33590. Feb. 21, 1950.

*214 P. 2d 943.*

Eugene P. Ledbetter, Jr., of Oklahoma City, for plaintiff in error.

Ralph B. Simcoe, of Stillwater, for defendant in error.

WELCH, J. The trial court rendered judgment in favor of plaintiff granting her a divorce and setting aside to her the home of the parties as her separate property and awarded to her the household furniture of the value of approximately $800, allowed her alimony in the sum of $1,920 payable in installments at the rate or $40 per month, and awarded her the custody of the two minor children of the parties. The property above described constituted all of the property owned by the parties with the exception of painting tools and implements worth approximately the sum of $200, which property was awarded to the defendant.

The evidence shows that the home above mentioned and set aside to plaintiff is worth at present values about $12,000, is encumbered with a mortgage of $5,000, payable in monthly installments at the rate of $55 per month. Plaintiff has been renting rooms in the house for which she receives an income of $100 per month and which yields her a net income sufficient to pay the monthly installments on the mortgage as they mature.

Plaintiff appeals from the judgment awarding alimony. It is her contention that the amount awarded is wholly insufficient to meet her needs and that defendant is financially able to and should be required by this court to pay a greater amount.

The evidence shows that the parties were married on September 13, 1922. Plaintiff for a number of years has been in poor health and was at the time of the trial under medical treatment. She has had several major operations. Several physicians testified that in order to effect a complete recovery it will be necessary for her to undergo another operation and that the cost of such operation would amount to about $200. The trial court, in addition to the alimony awarded, ordered and directed that if and when such operation be performed that defendant pay for such operation and the expenses incident thereto not to exceed the sum of $250.

The evidence shows that one of the minor children awarded to plaintiff was then 18 years of age and self-supporting and that he will reach his majority sometime during the year 1950. The other child was then 12 years of age, is mentally ill, and has been placed in a state institution for treatment and is being cared for by the state.

Defendant for the last 16 years has been engaged in the painting business in partnership with his brother. The evidence is in conflict as to the exact income derived by him from this business. The trial court found that his income therefrom will average approxi-

mately $3,000 per year. This finding is supported by the weight of the evidence. Defendant has no other income.

The only question presented for our determination is, should we, under all the facts and circumstances and evidence, interfere with the judgment of the trial court as to the amount of alimony awarded and require defendant to pay a greater amount. We think not. It is well established that where a divorce is granted the wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound discretion of the trial court and that the trial court's conclusion in this respect will not be disturbed on appeal unless the clear weight of the evidence, or unless there has been some abuse of discretion. Goddard v. Goddard, 197 Okla. 453, 172 P. 2d 619; DeRoin v. DeRoin, 198 Okla. 430, 179 P. 2d 685.

After carefully considering and weighing the evidence, we cannot say that the judgment of the court as to the allowance of alimony is clearly against the weight of the evidence or that it has abused its discretion in this respect.

Judgment affirmed.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., concurs in result.