## HAWKINS v. HAWKINS.

No. 35307. Oct. 14, 1952.

*249 P. 2d 115.*

John L. Fuller, McAlester, for plaintiff in error.

A. James Gordon, McAlester, for defendant in error.

HALLEY, V.C.J.  The parties occupy the same positions here as in the trial court, and will be referred to as "plaintiff" and "defendant."

The plaintiff and defendant were residents of McAlester, Oklahoma, and were married at Sherman, Texas, on October 25, 1945. At the time of their marriage the plaintiff was approximately 63 years of age and the defendant 60. They lived together as husband and wife until December 29, 1947, when they were divorced. The divorce decree of December 29, 1947, was vacated October 25, 1948, and they resumed the marital relation. This suit for divorce was commenced on May 14, 1951, by the plaintiff's filing a petition for divorce. The defendant filed a cross-petition for divorce, and the case was tried on July 11, 1951.

It appears from the evidence that the plaintiff was a man of some wealth. He made a statement for the purpose of borrowing money which showed that he was worth approximately $140,000. His property consisted of both farm land and city property, and a large amount of personal property, much of which was stored on the premises plaintiff and defendant occupied as their home. The defendant owned a life estate in a farm on the west side of McAlester, from which she received a gross income of $300 to $400 before taxes. She also owned an equity in a residential property in the city of McAlester. During their married life the plaintiff made several business transactions from which he derived considerable profit. On the purchase and sale of one farm he made a net profit of $4,000. On the purchase and sale of some second-hand pipe he made about $4,000. He was continually buying and selling used property of various kinds. The evidence showed that during the time he was married to defendant he reduced an indebtedness at the bank from $24,000 to $9,000.

The trial court granted defendant a divorce on her cross-petition and awarded her $2,000 alimony. No attempt was made to divide the jointly-accumulated property. The plaintiff was given all of his separate property, free and clear of any claim of the defendant, except the judgment for alimony, and the defendant was awarded her separate property free and clear of any claim of the plaintiff. No appeal was taken from that part of the judgment wherein the court granted a divorce to the defendant, but the plaintiff appeals from the judgment insofar as the defendant was awarded alimony.

If the trial court had divided the jointly-accumulated property, it appears to us that the amount the defendant would have received would have been in excess of $2,000. He did not see fit to do so, and no appeal has been taken by the defendant from the amount awarded as alimony. It is provided by 12 O.S. 1951 §1278, that the court may grant permanent alimony in a divorce action. Here the defendant performed the duties that are commonly performed by a wife; she kept house, did the cooking and sewing, and in plaintiff's absence took care of the livestock. While something has been said about this being a marriage of convenience, the court had before it all the facts in the case and was fully advised as to the situation of the parties, and in our opinion the award of $2,000 alimony is by no means excessive, regardless of whether it was a marriage of love or of convenience. It is also to be noted that no allowance was made for attorney's fees and the defendant was required to pay her own attorney's fee. In Hill v. Hill, 197 Okla. 697, 174 P. 2d 232, we said:

"We have repeatedly held that the allowance of permanent alimony rests

in the sound discretion of the trial court to be exercised in view of husband's estate and ability, wife's condition and means, and conduct of the parties, and that same will not be disturbed on appeal unless clearly against the weight of the evidence."

In Schatz v. Schatz, 202 Okla. 433, 214 P. 2d 943, we held:

"It is well established that where a divorce is granted the wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound discretion of the trial court and that the trial court's conclusion in this respect will not be disturbed on appeal unless against the clear weight of the evidence, or unless there has been some abuse of discretion."

A further fact to be considered is that, at the time of the trial, the defendant had been hospitalized after suffering a stroke, had paid all the expenses of her illness herself, and had no hope of being able to work in the future; and in addition, during the five years of their married life, the defendant had contributed only $86 to her personal needs.

In a divorce case, the matter of alimony is one of equitable cognizance in this state, and the judgment of the trial court will not be reversed unless it is clearly against the weight of the evidence.

Judgment affirmed.

WELCH, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.