WHAYMAN v. WHAYMAN.

No. 35217.    Nov. 5, 1952.

*249 P. 2d 1004.*

Biddison & Rheam, Tulsa, for plaintiff in error.

G. C. Spillers and G. C. Spillers, Jr., Tulsa, for defendant in error.

O'NEAL, J. Plaintiff, Helen E. Whayman, sued defendant, Frank Whayman, for a divorce, division of property between the parties, alimony and attorney fee.

The trial court granted plaintiff a divorce, divided the property between the parties, and awarded plaintiff alimony in the sum of $10,200, payable at the rate of $125 per month for five years and the balance to be paid in three years thereafter in monthly payments at the rate of $75 per month, and awarded her an attorney fee in the sum of $500.

Defendant appeals and asserts that the alimony and attorney fee allowed by the court are excessive and unreasonable. No complaint is made as to the judgment granting plaintiff a divorce or as to the division of the property between the parties.

The contentions made require a discussion of the present financial status of the parties, the source from which they derived their property and other pertinent facts.

The plaintiff was 58 years of age at the time the petition was filed and defendant was of the age of 55 years. They were married October 28, 1920. The divorce was granted on the 3rd day of April, 1951. Neither party had acquired any property prior to their marriage. During their marriage they acquired the following property: a house and lot in the city of Tulsa, Oklahoma, which they occupied as their home, of the value of $9,250, subject, however, to a mortgage in the sum of $2,528, leaving an equity in the property of the sum of $6,722. Plaintiff paid on this property out of her separate funds acquired by an inheritance from her son who was killed in action in Korea, the sum of $4,500; the title to the property is in the name of plaintiff and defendant jointly. The purchase price of the property was $8,400 and according to the evidence there was invested in this property $1,372 out of community funds acquired since marriage; household furniture of doubtful value but which the trial court found

to be of the value of $1,250; a Studebaker automobile of the value of $350; money deposited in a bank in Tulsa, Oklahoma, in the sum of $265; defendant has a life insurance policy with the Travelers Insurance Company of the present cash surrender value of $900. The trial court awarded the house and lot in Tulsa, and the household furniture, to the wife, and awarded to the defendant the Studebaker automobile, the $265 on deposit in the bank and the insurance policy.

In addition to this property plaintiff owned in her own name as her sole and individual property Series E bonds maturity value $3,950. The bonds were acquired from her deceased son and thereafter converted into her name. She also had invested in a building and loan association in Tulsa, Oklahoma, the sum of $1,138, which funds were inherited by her from her deceased son. The above property was set aside to her by the court as her sole and separate property, and, in addition thereto, plaintiff has an income of $51.40 per month from government insurance left her by her deceased son. The court also awarded plaintiff alimony and attorney fee as above stated.

Defendant is an employee of the Shell Oil Company and has been in its employ for the last 30 years. He is now receiving a salary of $480 per month, and his take-home pay, after taxes and other deductions, is the sum of $347.60 per month. In addition to this he is receiving disability pension payments from the Federal Government in the sum of $15 per month, making his monthly income $362.60. Out of this amount he is required to pay alimony in the sum of $125 per month, leaving him $237.60 per month for his own support.

Defendant has made arrangements through his employer to participate in a trust retirement payment fund. He has been for a number of years contributing to this fund the sum of $48 per month, which amount has been deducted from his monthly salary and paid each month into the fund. Under this plan defendant will be required to retire at the age of 60, and upon retirement he will receive retirement payment out of this fund of approximately $15,000. As before stated, he was 55 years of age at the time the judgment was entered and he will therefore be required to retire sometime in the year 1956. If the alimony payments are regularly made he will at that time have discharged $7,500 of the amount, leaving a balance due of $2,700. Upon retirement defendant will have no further income but should have left considerable earning capacity and should be able to obtain other employment or engage in some gainful occupation. Unless he does so he will be required to pay the balance of the alimony awarded out of his retirement pay.

The evidence shows that during the last several years of their married life the parties quarreled some and on different occasions defendant beat and struck plaintiff, and immediately prior to the time divorce petition was filed he struck plaintiff with his fist, knocking her to the floor and in so doing she injured her back. Defendant called an ambulance and she was taken to the hospital where she remained and was treated for about a week. She has not yet fully recovered from her injury, and from the medical testimony, it is doubtful if she ever will fully recover. Her health is otherwise not good. She is still receiving medical treatment and will probably require future treatment. Plaintiff has been required by the decree to pay off and discharge the mortgage against the home, and in order to keep the home it will be necessary for her to pay taxes assessed against the property, and she should keep the property fully insured.

These are the facts the trial court had before it for consideration in determining the amount of alimony to be awarded. While we think the court has been quite liberal in the allowance

of alimony, we cannot say it abused its discretion in so doing, or that the alimony award made is clearly against the weight of the evidence. We have many times held that where a divorce is granted the wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound discretion of the trial court, and its conclusion in this respect will not be disturbed unless against the clear weight of the evidence, or unless there has been some abuse of discretion. Schatz v. Schatz, 202 Okla. 433, 214 P. 2d 943; Goddard v. Goddard, 197 Okla. 453, 172 P. 2d 619.

The attorney fee awarded is not excessive. Moreover, it appears from plaintiff's brief that subsequent to the lodging of the appeal defendant paid the fee allowed in full.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.