Samuel Rutillious SMITH, Plaintiff in Error,

v.

Thelma SMITH, Defendant in Error.

No. 37145.

Supreme Court of Oklahoma.

April 23, 1957.

Ira Monroe, Clinton, for plaintiff in error.

J. T. Bailey, Harold Witcher, Cordell, Thad L. Klutts, Oklahoma City, on the brief, for defendant in error.

HALLEY, Justice.

Thelma Smith, hereinafter called plaintiff, filed· her action for divorce against Samuel Rutillious Smith, defendant, alleging extreme cruelty and gross neglect of duty. On the 1st day of September, 1955, a judgment for divorce was entered for the plaintiff. After dividing certain property, to which there is no objection in this proceeding, the court awarded alimony for the sum of $10,000, payable in monthly payments of $200 and allowed $250 attorneys' fees.

Defendant appeals and in three general propositions argues that the award for alimony is unauthorized and excessive.

The record discloses that plaintiff and defendant were married in 1925 and have one son and one daughter, both grown. On the 13th day of February, 1953, plaintiff obtained a divorce and received in said decree an award for $5,000 alimony payable $100 monthly. Defendant settled the award by paying $4,750 in cash. The parties remained separated until they remarried July 20, 1954. Defendant made no defense to the allegations of extreme cruelty and gross neglect of duty. Defendant is a farmer leasing some land from others. In addition to this he has recently inherited land from his father valued at approximately $25,000. He listed no debts except $2,600 which he states he owes to a bank.

Defendant first argues that since he paid the plaintiff $4,750 following the decree in February, 1953, he should not be charged with $10,000 alimony at this time. 12 O.S. 1951 § 1278, provides:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of her husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may· be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court may deem just and equitable. * * *"

■ In Hawkins v. Hawkins, 207 Okl. 236, 249 P.2d 115, it is stated:

"Where divorce is granted wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound discretion of the trial court."

■ A similar rule has been applied in Winslow v. Winslow, 156 Okl. 260, 10 P.2d 666; Nelson v. Nelson, 175 Okl. 275, 52 P.2d 786; Coleman v. Coleman, 180 Okl. 574, 72 P.2d 369; Jacks v. Jacks, 196 Okl. 38, 163 P.2d 968; Whayman v. Whayman, 207 Okl. 371, 249 P.2d 1004; and, Weekley v. Weekley, 208 Okl. 651, 258 P.2d 622. In Hawkins v. Hawkins, supra, it is stated:

"In Schatz v. Schatz, 202 Okl. 433, 214 P.2d 943, 944, we held:

" 'It is well established that where a divorce is granted the wife by reason of the fault of the husband the allowance of permanent alimony rests in the sound discretion of the trial court and that the trial court's conclusion in this respect will not be disturbed on appeal unless against the clear weight of the evidence, or unless there has been some abuse of discretion.' "

In Hill v. Hill, 197 Okl. 697, 174 P.2d 232, 235, it is stated:

"We have repeatedly held that the allowance of permanent alimony rests in the sound discretion of the trial

court to be exercised in view of husband's estate and ability, wife's condition and means, and conduct of the parties, and that same will not be disturbed on appeal unless clearly against the weight of the evidence. * * * "

 Defendant also argues that it was error for the court to take into consideration the real property inherited from his father because there had been no final decree in a probate proceeding involving this property. In Smyth v. Smyth, 198 Okl. 478, 179 P.2d 920, 921, it is stated:

"Where defendant in divorce action was the only heir of his mother who died intestate, leaving inheritable estate (real property) which was in process of administration by county court, and value of such real estate was fully established and the estate was ready for distribution, the trial court had jurisdiction to award alimony out of such estate."

The court was authorized to take into consideration, among other things, the separate property of defendant inherited from his father.

 Defendant also argues that the court erred in permitting a medical expert to testify that some of the injuries of plaintiff were caused by the acts of defendant. The principal objection to this testimony is to a statement made by plaintiff to the medical expert that the defendant stomped her. We find no reversible error in this respect for this evidence was admissible to show her case history, the nature of her injuries and why plaintiff would need future medical attention. Defendant made no attempt to defend against the allegation of cruelty.

 The claim that the judgment for alimony is a judgment in tort is likewise without merit as there was nothing in the pleadings that would give rise to such contention.

 This was a plain suit for divorce, division of property and alimony. The allowance for alimony is not excessive when defendant's estate is considered along with his earning capacity. The evidence showed that during the crop year just prior to their second marriage defendant cleared over five thousand dollars farming. All factors in this case appear to us to have been considered by the trial court and after a careful review of the evidence we find no reason to disturb the judgment rendered.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.