Neldean HENLEY, Plaintiff in Error,

v.

Thomas Hunter HENLEY, Defendant In Error.

No. 41545.

Supreme Court of Oklahoma.

May 9, 1967.

Horsley, Epton & Culp, Wewoka, for plaintiff in error.

Hal S. Whitten, Jr., Oklahoma City, for defendant in error.

IRWIN, Vice Chief Justice.

Defendant in error, herein referred to as husband, commenced divorce proceedings against plaintiff in error, herein referred to as wife. The trial court granted the wife a divorce on her cross-petition on the grounds of incompatibility and ordered division of property as follows: The home, with about a $2,000.00 equity, was awarded to husband; wife was awarded most of the furniture, which she had previously removed to her present home, and husband received the remaining furniture; husband was awarded a car valued at about $2,000.00 and wife was awarded the other car valued at about $1,500.00; husband was directed to pay all indebtedness incurred by both parties during the marriage and wife's attorney fees and all court costs. Wife was awarded $300.00 per month alimony for the first twelve months and then the sum of $330.00 per month alimony for the next ninety-five months, or a total of $34,950.00 payable over a nine year period.

Wife filed a motion for a new trial and she has appealed from the order overruling same.

The primary issue presented on appeal concerns the amount of alimony awarded to wife. Wife contends the amount of the alimony ($34,950.00) awarded her is wholly inadequate, unreasonable, and disproportionate to her needs and to the capacity of her husband to pay. Simply stated, wife argues husband's income (as a doctor) will increase from year to year until his retirement and his earning capacity should be considered in determining alimony; and that she is unemployed and unemployable and the alimony payments will cease when she still has 21 years life expectancy remaining.

The record discloses that the parties were married in 1942, when both were twenty three years of age and were students of Oklahoma State University. Wife was, at the time of her marriage, and is still, afflicted with a form of epilepsy, but continued medication will permit her to lead a reasonably normal life. They have two children, a boy who has reached his majority, and a girl who is approximately nineteen years old.

The husband joined the armed services in 1943 and resumed his college work in 1945. In 1946 he entered the Oklahoma University Medical School and completed his basic medical course in 1950. In 1951, the husband re-enlisted in the Air Corps as a doctor and was discharged in 1953. Husband practiced medicine in Canton and Fairview until 1958 and at that time took up residency in surgery in Oklahoma City and completed his residency in 1963. While in residency the husband received a nominal salary between $200.00 and $300.00 per month, and with this salary and the expenditure of approximately $18,000.00 in savings the parties had accumulated, he was able to complete the four years in residency.

The husband had a gross income of $26,674.00 the first year after he completed his residency and a net income of $14,751.00 before taxes. Wife has never been employed outside the home and according to a statement of a medical doctor, "Her medical care, including drugs and doctor bills,

without special care such as teeth extractions and hospitalization, probably will run about $34.00 per month". The record discloses the wife has needed her teeth extracted for some time and the extraction with the proper dentures will cost approximately $750.00.

In a divorce proceeding the matter of alimony is one of equitable cognizance. Hawkins v. Hawkins, 207 Okl. 236, 249 P.2d 115. There is no fixed percentage or rule available by which to measure or determine the amount of alimony or property to be awarded a party as each case depends on its own facts and circumstances; the allowance of permanent alimony and division of property rests within the sound discretion of the trial court, to be exercised in the light of all the surrounding circumstances, and such allowance and division will not be disturbed on appeal unless clearly against the weight of the evidence. Whiteker v. Whiteker, Okl., 332 P.2d 953. In Warr v. Warr, Okl., 386 P.2d 639, we held that in an action for divorce this Court will consider all the evidence and will weigh it to ascertain whether the judgment is clearly against the weight thereof and will affirm, modify or reverse as the evidence and law dictates. In Weekley v. Weekley, 208 Okl. 651, 258 P.2d 622, we held the earning capacity of the husband is a proper element to be taken into consideration in determining the amount of alimony.

Although the record does not necessarily establish that wife is unemployable and will remain unemployable, it does establish that she will require continued medication for her epilepsy. For more than twenty-two years while she was married she was not employed outside the home and the evidence does not disclose that she is qualified to perform any particular form of employment. The record discloses that husband entered and completed medical school during the marriage and that approximately $18,000.00 savings and property that they accumulated while he was a practicing physician were expended to help defray the costs for his four years residency in surgery. The record also discloses that the parties did not possess substantial property at the time of the divorce but it does establish that the husband's income will, in all probability, increase during the next few years.

Under the judgment of the trial court the wife's entitlement to alimony in the sum of $330.00 per month will terminate when she and her husband are fifty-four or fifty-five years of age. In considering the entire record we can only conclude that the evidence and law dictate that the wife should receive such alimony payments until she attains her sixtieth birthday. We therefore must reverse the judgment insofar as the award for alimony is concerned.

The judgment of the trial court is affirmed in all particulars except that portion of the judgment relating to alimony. That portion of the judgment is reversed with directions to determine the additional amount of alimony necessary to extend the alimony payments of $330.00 per month from a period of ninety-five months to the time the wife will attain her sixtieth birthday. After such determination is made, a judgment should be entered in conformity with judgments wherein alimony is awarded. However, if the parties should agree in writing that a different manner of payment of alimony should be made, the trial court is authorized, in its discretion, to make its judgment conform with the written agreement of the parties.

Affirmed in part and reversed in part with directions.

All the Justices concur.