HENDRY, Judge.
Appellant-wife was the plaintiff below, who filed her suit for divorce, alimony, and child support. The divorce was granted and she was awarded lump sum alimony plus other rights. In his final decree of divorce, the chancellor ordered as follows:
(< * * *
“7. It is Ordered and Adjudged that the Defendant’s interest in the estate of his mother, presently in Probate in Indianapolis, Indiana, has not been considered in making the foregoing determinations with respect to support and alimony.”
Paragraph 7, supra, thus raises the point on appeal, which is stated by the parties as: Whether an undistributed portion of a decedent’s estate is a beneficiary’s capital asset, and thus to be considered in determining his obligation to pay alimony and support ?
Appellant unsuccessfully argued to the trial court that the chancellor should consider, in his assessment of the husband’s net worth and ability to pay alimony and support, amounts the husband was scheduled to receive from the distribution of his deceased mother’s estate. Admitted into evidence without objection were photocopies of certain informational forms filed by the administrator of the decedent’s estate in the Indiana Department of Revenue. These papers are entitled, “Schedule of All Property and Affidavit of Executor or Administrator, Trustees or Heirs for Inheritance Tax Appraisal.” They consist mainly of schedules listing all the assets, claims against, expenses, and debts of the estate, and conclude with a listing of all persons beneficially interested in the estate and the net taxable value of their legacies. Also included is an affidavit, sworn to by the administrator, regarding the veracity of the matters contained within the forms.
Initially, we are aware that appellant-wife has the burden of proof to establish that the judge abused his discretion by virtue of not giving any consideration whatsoever to the proffer of evidence relating to the above probate proceedings. Gregory v. Gregory, Fla.App.1966, 208 So.2d 483.
The question raised by the appellant is whether the chancellor erred by refusing to consider evidence which tended to show the increased ability of the husband to pay alimony and child support. She came forward with a proffer of evidence which tended to establish that his net worth was, at that moment, greater than that reflected merely by his earning capacity and property owned.
The specific issue of whether evidence tending to show a husband’s expectancy of increased net worth and ability to pay based on his vested legacy in an estate which is still in the process of administration, is a unique one in Florida. The first question raised in our minds is whether or not such evidence would be too speculative, and hence incompetent, in view of the likeli *409 hood of, but not limited to, the following factors: (a) Federal and state tax liability to be paid by the legatee from his portion of the net inheritance; (b) probability of new claims being filed against the decedent’s estate whereon the legatee would be liable; (c) probability of a future probate contest arising from a newly discovered will, allegations of undue influence, etc. By considering the existence of the above factors, or others having a similar effect on the beneficiary’s net interest, plus evidence of their likelihood preferred by counsel, the chancellor could reasonably determine the competency of such evidence as demonstrating the husband’s ability to pay.
The specific question presented on this appeal has been considered in other jurisdictions. In Ziegler v. Ziegler, 1957, 166 Ohio St. 406, 143 N.E.2d 589, the Supreme Court of Ohio made that state’s initial ruling as to the point on appeal sub judice. The precedent-setting language is found on page 591 of that opinion and is as follows:
“The defendant contends that the prof-ferred evidence was not competent because the administration of the mother’s estate had not been completed and that hence the net amount of the estate had not been finally determined. This theory might well lead to a fantastic result. Here the defendant did have some property of his own. However, if he were possessed of no such property of his own, he could then claim himself prop-ertyless, although he is in fact the sole legatee and devisee of his mother’s substantial estate, thus defeating the clear intent of the statute. Manifestly the Court of Appeals was correct in holding the proffered evidence admissible, to show the truth of the situation."
The above holding was cited as controlling in the case of Clarke v. Clarke, Ohio App.1963, 188 N.E.2d 619, where the question was identical to that in the case at bar. It was held there that even though the estate of the husband’s deceased father was not finally settled, but was still in process of administration, it could nevertheless be considered in the chancellor’s determination of alimony and child support.
The Kentucky Court of Appeals rendered one of the earliest holdings as to the instant point on appeal in the case of Muir v. Muir, 1906, 133 Ky. 125, 92 S.W. 314. There, the court assessed the legal positions of the two parties in these words :
“Nor do we perceive why, if probable earnings, as a reasonable expectation, may properly be considered, probable accretions of wealth from any other source may not also be considered.” Id. at 316.
The Muir case, supra, was cited as controlling of the issues in James v. James, Ky.App.1952, 248 S.W.2d 706, where the court stated as follows:
“Due to the manner in which appellant [husband] and his mother handled their business and in light of his evasive testimony concerning his earnings, it is difficult for the court to determine with any degree of accuracy his present financial ability to pay alimony. Therefore, not only his earnings from his own efforts, but his likely inheritance from the estate of [his] mother, he being the only child, may be taken into account.” Id. at 708.
Specific considerations of financial reality, such as those expressed above, have not always been at the heart of a holding that a chancellor may properly consider the husband’s expected inheritance in setting his obligation to pay alimony and child support. In the case of Smith v. Smith, Okl.1957, 311 P.2d 229, the Supreme Court of Oklahoma had before it a situation wherein the husband had inherited realty, but where no final decree had yet been entered in the probate proceedings. The court held it proper for the chancellor to consider the husband’s inheritance, such consideration being within the realm of the chancellor’s discretion in divorce cases. It was the feeling of the court that “[T]he [trial] court was authorized to take into *410 consideration, among other things, the separate property of defendant [husband] inherited from his father. [Citing Smyth v. Smyth, 1947, 198 Okl. 478, 179 P.2d 920, which held that matters such as husband’s worth in view of inheritance expectancy are within chancellor’s discretion.]” 311 P.2d at 231.
In Hall v. Hall, Ky.App.1964, 380 S.W. 2d 231, the question on appeal was presented even more forcefully from the wife’s standpoint in the divorce action. The court held that it was error to exclude from consideration parental gifts and legacies which were expected by the husband. The court’s rationale was that “[T]he estate of the husband as the corpus to be carved is c the most important factor [to be considered in making allowance for alimony.]” Id. at 232.
See also Qualls v. Qualls, Ky.App.1964, 384 S.W.2d 326, (where it was held that property inherited by husband from parents was properly considered in setting obligation to pay alimony and child support.)
We are convinced by the above authorities that the chancellor abused his discretion when he specifically refused to consider the evidence proffered by appellant which tended to show the undistributed estate corpus expected by the husband. As we noted above, such consideration would necessarily take into account the contingencies likely to affect the net amount so received by the husband. Nevertheless, it was error to deny any consideration whatsoever as to this factor related to the husband’s ability to pay.
Therefore, that portion of the final decree which relates to alimony and child support is reversed and the cause is remanded to the chancellor for further proceedings consistent herewith.