**Mozella ARMSTRONG, Plaintiff In Error,**

**v.**

**Louis ARMSTRONG, Defendant In Error.**

**No. 43273.**

Supreme Court of Oklahoma.

Dec. 9, 1969.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for plaintiff in error.

John H. Kennedy, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

The parties appear here in the same order in which they appeared below and will be referred to by their trial court designations of "plaintiff" and "defendant".

The judgment, toward which this appeal is directed, is a decree granting defendant a divorce from plaintiff on his cross-petition, and ordering a division of the parties' property. Defendant is 59 years of age and plaintiff is 48. They were married in 1941. Only one child was born of the marriage, a son, now an adult.

In 1957, defendant's father conveyed to him the property which the couple has made their home. Its address is 606 North Rhode Island Street, and embraces two and a half lots in Block 20 of Oklahoma City's Park Place Addition, hereinafter referred to as "Property A". Besides the parties' residence, Property A also has a rental unit situated on its lots. The rental from this additional dwelling, together with the rental from a property at 524 North Rhode Island Street, hereinafter referred to as "Property B", which the parties purchased after Property A was given to defendant, totals the sum of $145.00 per month. Forty-five dollars of this income pays the utility bills on the two rental units, and the remaining $100.00 defrays the payments on the mortgage indebtedness and the property's taxes and insurance premiums.

The ground upon which plaintiff alleged she was entitled to the divorce was incompatibility, while, as ground for his being granted the divorce, defendant, in his cross-petition, charged plaintiff was guilty of improper conduct with a Mr. C, and of extreme cruelty and "acts of incompatibility towards defendant."

At the trial, plaintiff did not deny her friendship, and association, with C, which began in 1957, when she purchased a 1954 Model Mercury automobile from him, and

thereafter continued while, and after, she worked 14 months @ $100.00 per month in a cleaning establishment where he was employed. Nor did she deny defendant's testimony that she, with her young son, went on an 8-day vacation trip to Colorado with C. Nor did she deny that defendant had tried to get her to end her association with C, or that this relationship had been the cause of discord between her and the defendant. The testimony of defendant's witness, plaintiff's sister, tended to show that this extra-marital relationship had been an affectionate one.

At the trial, it further appeared that defendant is a "night security man" at a downtown Oklahoma City office building; that he has been employed there 40 years; that his "take-home" pay is approximately $52.00 per week; that he had no money in savings and only $85.00 in his bank checking account; that the only property, either personal or real, that either of the parties owned, besides the above mentioned Properties A and B and their household furnishings, is a 1961 Model Chevrolet Impala Sedan, which is clear of indebtedness and worth between $500.00 and $700.00, a diamond, which defendant's aunt gave him and he had set in a ring, worth $1,040.00, that he gave plaintiff on their twenty-fifth wedding anniversary, and a 1962 Model Buick Station Wagon, on which defendant owes $1,007.00.

In announcing his judgment granting defendant a divorce, the trial court stated, among other things: "* * * I think that this case * * * boils down to one (———C) having broken up a marriage, starting in 1957, and by his conduct ever since. There is nothing in the record to indicate (Mr. C's) marital status, * * * and I assume he wants to marry the plaintiff as soon as the six months expires. She would have a home there."

It further appeared that the Oklahoma City Urban Renewal Authority had offered to take an option to purchase Property A for $15,750.00 and a similar option to purchase Property B for $2,000.00.

By the property division ordered in the divorce decree, plaintiff was awarded the above mentioned 1961 Chevrolet and diamond ring as her share of the parties' jointly acquired property. Defendant was awarded the Buick Station Wagon, the bank account, and Property B, as his share of such property. In addition, defendant was awarded Property A, as his separate property.

In her present appeal, plaintiff complains only of the property division ordered in the divorce decree. In the single "PROPOSITION" set forth in her brief, she asserts that this division is not just and reasonable, but is inequitable and against the clear weight of the evidence. In support of this contention, she argues that Property A was jointly acquired property and that under 12 O.S.1961, § 1278, the trial court should have divided it between the parties, or have awarded her a money judgment in lieu of such division, and that defendant should have been required to pay her alimony "for a reasonable period of time in order to help her * * * adjust to a program of separate living." In her argument, plaintiff cites numerous cases announcing and applying various well-established principles, which serve as guidelines for divorce decrees dividing jointly acquired property and awarding alimony and set forth appellate rules governing their review in this Court; but the weakness in her argument is that it presupposes that the bulk of the property awarded defendant in the subject decree comes within the classification of jointly acquired property as such property is referred to in Section 1278, supra.

■ The evidence in this case is clear that Property A came to defendant as a gift from his father. Thus, it came to him "in his own right" just as much as if he had inherited it from the estate of one of his parents; and it cannot be considered as having been acquired by the joint industry, or efforts, of the parties to the subject marriage. In this connection, see Williams v. Williams, Okl., 428 P.2d 218, 222, Honeywell v. Honeywell, Okl., 344 P.2d 589,

591, and Coleman v. Coleman, 180 Okl. 574, 72 P.2d 369. We recognize, as was done in the Williams case, that, in a division of property between spouses, one spouse may be entitled to share in any enhancement in the value of the other spouse's separate property, resulting from their joint efforts, but there is no evidence in the present case that Property A was of any greater value at the time of the trial than when it was given to defendant by his father. The trial court committed no error nor abuse of discretion in awarding Property A to defendant as his separate property.

 Nor do we think said court erred, or abused its discretion, in awarding Property B to defendant. The evidence was undisputed that the loan, from which this property's purchase price money was derived, was secured by a real estate mortgage, and that the balance due and unpaid on the mortgage indebtedness, at the time of trial, was (according to defendant's undisputed testimony) "Nineteen hundred and something". There is no indication in the record as to the property's present market value, except the evidence that the Oklahoma City Urban Renewal Authority has offered to enter into an option agreement to purchase it for $2,000.00. Since the trial court's award of this property to defendant was made subject to the mortgage indebtedness, from which plaintiff was (in the decree) held "harmless", it will be seen that defendant will profit little, if any, by a sale of said property for $2,000.00. As it is thus indicated that the parties' equity in this jointly acquired property has only a nominal value, if any, we hold that the trial court deprived plaintiff of nothing shown to be of substantial value in awarding Property B to defendant, and that said award constitutes no ground for modifying or reversing the decree.

 Nor do we think the trial court erred in not awarding plaintiff alimony, or a money judgment in lieu of an additional share of the parties' property. There is no evidence indicating that her efforts, if any, contributed to the acquisition of the property, or any enhancement of its value was of any more worth than the value of the Chevrolet and expensive diamond ring awarded her, nor that defendant's income, over and above his indebtedness, is sufficient to enable him to pay alimony. And, as far as the record shows, plaintiff is not physically handicapped, as was the wife in Eisenreich v. Eisenreich, Okl., 323 P.2d 723. It is well settled (as plaintiff recognizes) that such matters are largely within the discretion of the trial court, and that, unless this Court on appeal can say that such court's judgment is against the weight of the evidence, or constitutes an abuse of discretion, said judgment will not be disturbed. We have thoroughly examined the record, and carefully considered all of the arguments advanced, and authorities cited, by defendant, but have found no ground therein for reversing, or modifying, the trial court's judgment.

Said judgment is therefore affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, JACKSON, HODGES and McINERNEY, JJ., concur.