## CROSSLANDS v. HAMILTON.

No. 17786. Opinion Filed Dec. 20, 1927.

(Syllabus.)

**1. Husband and Wife—Alienation of Affections—Evidence — Inadmissibility of Decree of Divorce.**

Where the plaintiff relies for his action, on the alienation of his wife's affections by the defendant, and the defendant seeks to introduce a decree of divorce in which the plaintiff and his wife were the only parties to the action, the refusal of the court to permit the introduction of said decree is not error, as such decree is res adjudicata as against the world only to the extent of judicially establishing the prior existence of the marriage, and its dissolution, and the status of the parties thereafter under the decree.

**2. Same—Admissibility of Conduct of Defendant with Plaintiff's Wife Subsequent to Divorce.**

In a suit for the alienation of the wife's affections, the admission of testimony showing defendant's conduct toward the plaintiff's former wife, after the wife had obtained a divorce from her husband, is permitted upon the theory that such conduct not only tends to show motives and relations existing at the time, but also to reflect light upon the previous relations of the parties.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by B. F. Hamilton against C. M. Crosslands. Judgment for plaintiff, and defendant brings error. Affirmed.

Goode & Dierker, for plaintiff in error.

Reily & Reily, for defendant in error.

LESTER, J. The parties appear in this court in the reverse order to that in the district court; the plaintiff in error will be referred to as defendant, and the defendant in error as plaintiff.

This cause was begun in the superior court of Pottawatomie county on March 7, 1925. The action was for damages, the plaintiff charging the defendant with alienation of the affections of plaintiff's wife.

The plaintiff alleged and stated in his petition that the defendant had been intimate with the plaintiff's wife and that the defendant by representation and conduct enticed the plaintiff's wife away from him and caused her to bring an action for divorce against plaintiff.

The cause was tried to the court and jury, which resulted in a judgment in favor of the plaintiff for the sum of $5,000, from which judgment the defendant prosecutes this appeal.

The defendant assigns ten specifications of error, but presents his argument under five propositions.

The first proposition presented by plaintiff in error is that the court committed error in not sustaining the defendant's demurrer to the evidence of plaintiff.

We have carefully read the entire record in this case, and the evidence upon the part of the plaintiff shows that he and his wife were living happily together; that the defendant began visiting the home of the plaintiff frequently; that the defendant and plaintiff's wife had clandestine meetings; that she visited the defendant at his farm located several miles from Shawnee; that the defendant accompanied plaintiff's wife to Oklahoma City; that defendant and plaintiff's wife occupied the same room for several nights at a boarding house in the state of Arkansas.

In our judgment the court was fully justified in overruling defendant's demurrer to the evidence presented by the plaintiff.

The second proposition is, "That the court committed error in excluding competent and material testimony offered by defendant during the course of the trial and admitting incompetent, irrelevant, and prejudicial testimony on the part of the plaintiff."

It appears that the defendant offered in evidence on cross-examination of the plaintiff, the petition, waiver, and decree in a divorce action brought by Allie M. Hamilton, No. 8068, district court of Lincoln county, Okla The court admitted the petition and waiver of same in evidence, but refused to admit the decree in said cause. The decree in said cause was rendered on the 29th day of November, 1924. The defendant claimed that it was prejudicial error on the part of the court in refusing admission of said decree in evidence.

The defendant quotes in his brief the following language taken from the case of Pollard v. Ward (Mo.) 233 S. W. 14:

"The pleadings and judgment in the di-

vorce proceedings were probably admissible in evidence in this case as showing an admission on the part of the plaintiff. If Pollard, in his wife's divorce proceeding, had filed a pleading which admitted any fact, or if, by his silence, he had failed to controvert the facts alleged there, it would be proper to show it as an admission against him. Such admission would not be conclusive against him here, but, like any other admission, it could go to the jury for what it was worth."

In the case of Luke v. Hill, 137 Ga. 159, 38 L. R. A. (N. S) 559, the court said:

"It is a general, universal rule that estoppels must be mutual. Strangers can neither take advantage of, nor be bound by, an estoppel. * * * A decree in a matrimonial suit, fixing the status of the parties, in distinction from the specific findings therein, is to be regarded as a judgment quasi in rem. So far as the adjudication fixes the status of the parties, the judgment concludes both parties and strangers; but, beyond the adjudication of the status, the decree does not conclude strangers. * * * The adjudication of the status is conclusive upon strangers, but does not bind them upon causes of action springing from the marital relation prior to the decree. A divorce decree will not estop a party thereto from contesting with a stranger the truth of the grounds as affecting his liability in another suit upon a cause of action arising, pending the divorce suit but before the decree. * * * Beyond the legal effect of determining the status of the parties, the law applies, as in other judicial proceedings, that a judgment is not conclusive in another suit, except in cases in which the same parties or their privies are litigating in regard to the same subject of controversy. The plaintiff in error is estopped by the decree of annulment from denying his matrimonial status; but in a cause of action against strangers, arising before the decree of annulment, based on the legality of his marriage, he is not estopped by the decree from contesting with them the truth of the grounds upon which the decree was prayed."

In the case of Luick v. Arends (N. D.) 132 N. W. 353, the court said:

"The authorities are practically unanimous in their holdings that the decree is admissible and is res adjudicata as against the world only to the extent of judicially establishing the prior existence of the marriage and its dissolution and the status of the parties thereafter under the decree. To this extent only is the divorce judgment a judgment in rem and res adjudicata in this action. The divorce decree establishes its own existence only, and thereafter the status of the former husband and wife, as between themselves and the world; but the judgment of divorce does not carry into this case under the rules of former adjudication or estoppel by judgment the issues involved in the divorce trial nor the grounds upon which the decree of divorce was granted. For reasons of public policy only does the law treat the divorce action as a proceeding in rem, and this only to the above extent. It is a well-known rule of law that in a proceeding strictly in rem not only the parties named in the action, but the world, is concluded by the judgment, not only to the extent of the judgment itself, but as to all matters in issue and necessarily determined in the findings of fact and decision of matters of law upon which the judgment is based; but a divorce decree is in all things a judgment in personam and as such the rules of evidence applicable to judgment in personam apply, except so far as the same is to be treated as a judgment in rem as above stated."

In our judgment it was not error to exclude from evidence the former decree of the court tendered in evidence.

The defendant urges that it was error in the court to permit testimony of witnesses showing the conduct of the defendant and plaintiff's wife toward each other after the plaintiff's wife had procured a decree of divorce.

In the case of Eklund v. Hackett (Wash.) 179 Pac. 803, the court said:

"The trial court seems to have so ruled upon the theory that no evidence showing the relations between Hackett and Mrs. Eklund following the divorce was admissible under any circumstances. We may concede that the relations between Hackett and Mrs. Eklund after the divorce—that is, after Eklund's rights as her husband had ceased—would give no right to a cause of action in favor of Eklund; but the acts of Hackett and Mrs. Eklund towards each other immediately following the divorce and before their marriage might have such relation to their former similar conduct towards each other, bearing upon the question of the alienation of her affections, as to reflect light upon their previous relations and conduct. We think the admission or rejection of such evidence would present a question of discretion in the trial court, to be exercised in the light of what had been testified to as to their previous relations, the similarity of their relations sought to be so shown immediately following the divorce, and the probability of such subsequent relations being a continuation of those which existed between them up to and near the time of the granting of the divorce. We think the admissibility of the offered testimony is not determinable by the mere fact that it relates to occurrences after the divorce. As said in Rose v. Mitchell, 21 R. I. 270, 43 Atl. 67; 'Admission of testimony of

defendant's visit to the plaintiff's wife after she had left her husband. As already stated, subsequent conduct, in cases of this kind, not only tends to show motives and relations existing at the time, but also to reflect light upon the previous relations of the parties. In this latter phase, the testimony was admissible. 1 Greenl. Ev. (15th Ed.) section 108, note a ; 7 Am. & Eng. Enc. Law, p. 50'."

The defendant further claims that the action of the trial court in receiving evidence tending to show an adulterous relation between defendant and plaintiff's wife was prejudicial error for the reason that the petition of the plaintiff did not charge the defendant with having committed adultery with plaintiff's wife.

A part of paragraph 5 of plaintiff's petition reads as follows:

"That said defendant made several visits to his home and became acquainted with the said Allie Hamilton and that by reason of said acquaintance the said relations of the said defendant and the said Allie Hamilton became intimate, and the said defendant· induced the said Allie Hamilton to have clandestine meetings with him and told and informed the said Allie Hamilton that he was a very rich man and that he could make her happy and that if she would leave the plaintiff and get a divorce from said plaintiff that he, the said defendant, would marry her and take her to his home."

No motion was filed by the defendant to make plaintiff's petition more definite and specific which related to the charge of intimacy between plaintiff's wife and the defendant.

In the case of Wilcox v. Moon, 63 Vt. 481, 22 Atl. 80, 82, the court said:

" 'Intimate,' as used in a declaration setting forth a libel by defendant that plaintiff's name and that of her husband's hostler had been coupled together and handled quite extensively through the village, and that it was claimed they were 'intimate together' means criminally intimate, and that they had committed the crime of adultery with each other."

In the case of Arnold v. Lutz (Iowa.) 120 N. W. 121, the court said:

"A statement that plaintiff, a married woman. was 'too intimate with the hired man' was slanderous per se, if the word 'inmate' was used in a defamatory sense; it being capable of being used in such sense."

Paragraph D of Webster's New International Dictionary defines "intimate" to mean, "having illicit sexual intercourse."

Defendant, under proposition number 3, urges error in the court in refusing to sustain the motion of the defendant for an instructed verdict at the close of all of the evidence offered in the case.

In our judgment there was sufficient competent evidence to justify the court in submitting the issue of facts in said cause to the jury. Defendant's proposition number 5 is that the verdict of the jury was contrary to the law. We think this objection has been fully covered under other assignments of error.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HUNT, CLARK, RILEY, and HEFNER. JJ., concur.

Note.—See under (1) 30 C. J. p. 1126, §985; p. 1127, §988; p. 1138, §1008; anno. 38 L. R. A. (N. S.) 559; L. R. A. 1915C, 870; 9 R. C. L. pp. 461, 462; 4 R. C. L. Supp. 608: 46 L. R. A. (N. S.) 1085: 9 R. C. L. p. 496.    (2) 30 C. J. p. 1142. §1014.