SMITH et al. v. SMITH.

No. 34413. March 25, 1952.

*242 P. 2d 436.*

Ted Flanagan and Wilson & Leach, Tulsa, for plaintiffs in error.

Murphy & Firestone, Kingfisher, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

This action was commenced by plaintiff on October 9, 1948, for a division of property acquired during her marriage with defendant. On August 31, 1946, the plaintiff obtained a divorce from the defendant in the superior court of Cook county, Illinois, on service by publication. The defendant had actual knowledge of the proceedings and sent plaintiff money with which to pay her attorney. The Illinois court did not settle the property rights of the parties, the property being located in the State of Oklahoma.

The parties became acquainted in the fall of 1930. In December of the same year, they began living together. The record discloses that plaintiff immediately assumed defendant's name; that defendant provided a home and that thereafter the parties continued to live together until May 13, 1944, a period of nearly 14 years.

The evidence shows that at the time the parties began their long relationship, the defendant was working as a truck driver during the daytime and acting as a nightwatchman for a garage at night; that neither party owned any property or had any substantial sum of money. That thereafter defendant went into the filling station business in Tulsa, Oklahoma. The defendant was moderately successful and at the time of the divorce was possessed of several pieces of real estate. On or about May 13, 1944, plaintiff went to Denver, Colorado, to visit her mother. It seems clear from the evidence that she remained away from the home of the parties at the insistence of defendant. She later moved to Chicago, Illinois, where she accepted employment and established her legal residence.

The defendant contends that the trial court erred in awarding plaintiff any part of the property acquired after the separation of the parties on May 13, 1944; and further complains that the court failed to credit defendant with $1,271 paid to her after the separation and before the divorce. With this position we cannot agree. The joint bank account of the parties was left in the control of defendant, part of which was used to add to the real estate holdings of defendant. The evidence clearly indicates that plaintiff was a frugal, hard working companion to defendant and did everything possible to advance defendant's position in life. The lower court did not abuse its broad discretion in concluding that the property acquired during the separation of the parties was in fact property acquired by the joint efforts of the parties.

In Smith v. Smith, 169 Okla. 305, 36 P. 2d 886, we said:

"The trial court found that certain property was accumulated by the joint industry of the husband and wife during marriage. He made what he considered an equitable disposition of such property. The judgment of the trial court making such division will not be disturbed on appeal unless it appears that such judgment is contrary to the clear weight of the evidence."

In Bowring v. Bowring, 196 Okla. 520, 166 P. 2d 415, we said:

"Before this court will reverse an order adjusting property rights. . . it must clearly appear that the trial court abused its discretion."

In Logan v. Logan, 197 Okla. 88, 168 P. 2d 878, we said:

"A court of equity, on granting a divorce to either the husband or wife, is required by 12 O. S. 1941 §1278, to make a just, fair and equitable division of the property acquired by the parties jointly during their marriage, but in do-

208

ing so is not required to divide it equally and is given a wide latitude in determining just what part shall be awarded each party."

In finding the property acquired after the parties separated on May 13, 1944, to be jointly acquired property, the court apparently took the position that the plaintiff remained away from her home in Tulsa at the insistence and for the convenience of the defendant, and was entitled not only to the contribution for support that he sent her but to share in any property acquired during such separation, especially when jointly acquired funds were used in the acquisition of such property. We cannot say that the court was in error in taking this position.

The defendant next contends that the trial court erred in excluding evidence concerning the relationship of the parties. The defendant attempted to introduce evidence to support his theory that no common-law marriage had existed and that the relationship was illicit and meretricious. The court took the position that since the Illinois divorce was granted with the actual knowledge of the defendant, the decree of the divorce was res judicata as to the existence of the marriage of the parties. We must agree with the trial court. The defendant does not attack the jurisdiction of the Illinois court to render the divorce decree nor does he raise any question of fraud in the procurement of the decree. The parties corresponded at considerable length about plaintiff securing the divorce in the State of Illinois. The defendant agreed to pay plaintiff's attorney fee although he complained of the amount and suggested that he could secure the divorce in Oklahoma at a much lesser cost. However, the evidence discloses that in addition to receiving notice by publication that he had actual knowledge of the pending divorce against him and sent the plaintiff the money with which to pay her attorney's fee.

In Petry v. Petry, 47 Cal. App. 2d 594, 118 P. 2d 498, the California court said:

"It is well established in this state that a final decree of divorce conclusively determines, as between the parties thereto, that they were legally married; and this regardless of the true fact. . . ."

See, also, Kelsey v. Miller, 203 Cal. 61, 263 P. 200; Blumenthal v. Blumenthal, 97 Cal. App. 558, 275 P. 987; Borg v. Borg, 25 Cal. App. 2d 25, 76 P. 2d 218; 27 C. J. S. Divorce §174.

In Luick v. Arends, 21 N. D. 614, 132 N. W. 353, it is stated:

"The authorities are practically unanimous in their holdings that the decree is admissible, and is res judicata as against the world, only to the extent of judicially establishing the prior existence of the marriage and its dissolution, and the status of the parties thereafter under the decree."

See, also, Crosslands v. Hamilton, 128 Okla. 213, 262 P. 196.

The defendant finally contends that the court should have made some provision regarding the payment of the mortgage on the Tulsa property. In awarding plaintiff one-half interest in the Tulsa property, the trial court made a division of the parties' interests in said property, which interest is subject to any mortgage indebtedness. It was unnecessary that the trial court refer to the mortgage in its judgment.

The judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys John Connolly, Robert Crowe, and Clifford Clift, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.