**Ruth LAWSON, Plaintiff in Error,**

v.

**W. B. LAWSON, Defendant in Error.**

No. 36515.

Supreme Court of Oklahoma.

April 3, 1956.

770

Bassmann & Gordon, Claremore, for plaintiff in error.

Frank Leslie, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by the plaintiff in the trial court, Ruth Lawson, from that part of a divorce decree wherein the court made a division of the property jointly acquired by her and by the defendant, W. B. Lawson, her husband, during their married life. The parties will be referred to in the same order as they there appeared.

The parties were married on April 17, 1945, and lived together as man and wife until the filing of the petition, herein, on August 1, 1953. Both were industrious and economical persons with better than average business ability. At the trial, the evidence was, in many respects, in sharp conflict but was amply sufficient to support all findings of the trial court contained in the journal entry of judgment, wherein plaintiff was granted a divorce on grounds of extreme cruelty. All of the jointly acquired property was specifically designated and divided between the parties as follows:

" * * * the plaintiff is hereby awarded her Oldsmobile Sedan subject to the mortgage thereon and an undivided ¼ interest in and to all of the property owned by the parties subject to the incumbrances thereon which consist of two mortgages in the total sum of $4800.00, taxes in the sum of $225.00, a bill in the sum of $100.00, a mortgage on the farm equipment in the sum of $500.00; the defendant is awarded his DeSota Automobile subject to the mortgage thereon and an undivided ¾ interest in all of the property owned by the parties and subject to the incumbrances thereon; the plaintiff is hereby granted exclusive possession of the Cafe, furnishing and equipment, the defendant granted exclusive possession of the remaining properties and each party is accountable to the other for the income derived therefrom."

From that judgment, the plaintiff has perfected this appeal. Plaintiff's principal argument is that the judgment was in violation of the provisions of 12 O.S.1951 § 1278, which is as follows:

"As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

The contention made is that, by virtue of said statute, the court has no authority to award the parties undivided interests in the property; that such an award was not "a division of the property in kind" as required by said statute; that, since it was not divided "in kind," it should have been awarded to one of the parties and an equitable sum be required to be paid to the other.

An analysis of the above quoted statute reveals that the latter part of it is confusingly worded. It is clearly apparent that the Legislature did not intend that, if the property could not be divided in kind, one party should receive all the property and, in addition, receive payments from the other. What was intended was that, if the property could not be equitably divided in kind, it should be set apart to one of the parties and that party should be required to make payments to the other of "such sum as may be just and proper to effect a fair and just division thereof." The purpose of the statute is readily apparent from what was said in the case of Kupka v. Kupka, 190 Okl. 392, 124 P.2d 389, 391, as to a proper division of property in a divorce action. It was therein pointed out that,

> "The plain purpose of that provision is that the property be so divided that the portion awarded to one would be free from the claims of domination of the other, a complete severance of the common title."

A division of the property in the present case as set forth in the decree as hereinabove quoted was not in compliance with the requirements of the statute. As was said in the Kupka case, supra, "While the quantity to be awarded to each party is left largely to the discretion of the court * * *, the nature of the estate to be awarded is not a matter of judicial discretion. * * * Here the property was land held in fee simple. A division in kind could be nothing short of a division in fee." In the case at bar, the two units of real estate together with the personalty was not divided in kind but the respective parties were awarded undivided interest in all of it and those ownership interests were made subject to the exclusive right of possession of plaintiff to the Cafe and personalty used in connection therewith, and to the exclusive right of possession of defendant to the remainder, and each was required to account to the other for the income produced.

To comply with the statute, the entire title with right of possession to part of the property should have been given to one and the entire title with right of possession to the remainder should have been given to the other. Neither should have been required to account to the other for what he or she did with the property or the income derived therefrom. If one party thereby was awarded property in excess of what the trial court thought he or she was equitably entitled to, a lien could be established thereon securing the payment of such sum as the court thought necessary to adjust the equities. In other words, the property awarded to each should be free from the claims or domination of the other.

In many instances in divorce cases the parties are agreeable to the ownership of the property in common, as evidenced by contract or by lack of objection to the trial court's order determining the size of the respective shares in common property. Such was the situation in the case of Smith v. Smith, 206 Okl. 206, 242 P.2d 436. Therein, each party was awarded an undivided one-half interest in real property covered by a mortgage which was not provided for in the decree. It was held that, when such a division was made, each party took his or her interest in the property subject to a proportinate part of the indebtedness. However, neither party there made any objection to the joint ownership of the common property in the proportions fixed by the court. But, here the plaintiff insists upon a "severance of the common title", Kupka v. Kupka, supra, as authorized and directed by said 12 O.S.1951 § 1278. When that is the case the trial court must so divide the property.

The observation and final order of this court in the Kupka case, supra, is appropriate in the case at bar. The evidence concerning the equities of the situation and the value of the several items of property is not sufficiently clear in the record, that we can render a specific judgment in this case or direct the trial court as to the exact character of judgment to be rendered.

The judgment, insofar as it relates to a division of the property, is reversed and the cause remanded with directions to proceed in conformity herewith and render a proper judgment which will equitably award the property to the parties in such

a manner that each should·be free from the claims and domination of the other.

WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.