Elva TROSPER, Plaintiff In Error,

v.

George TROSPER, Defendant in Error.

No. 37477.

Supreme Court of Oklahoma.

March 12, 1957.

Miles & Miles, Beaver, for plaintiff in error.

Lansden & Drum, Beaver, for defendant in error.

PER CURIAM.

Elva Trosper brought this action for divorce against George Trosper on December 29, 1955. She alleged in her petition as grounds for divorce, extreme mental cruelty and incompatability. Defendant, by answer and cross-petition, sought a divorce on the ground of gross neglect of duty. Both parties prayed for division of the property as well as custody of the three minor children.

On March 20, 1956, the trial court rendered judgment granting the divorce to the defendant; awarded custody of the eldest minor child, Roberta Trosper, to the plaintiff, ordering defendant to pay $50 per month for her support and maintenance; awarded custody of the other two minor children to the defendant. The automobile of the parties was awarded to the plaintiff, and all other personal properties to the defendant, excepting the personal effects of plaintiff. Title to the real estate of the parties, consisting of 320 acres of land was awarded to the defendant subject to an immediate lien of $1,000 in favor of the plaintiff. Plaintiff was awarded a further sum of $7,250 to be paid from the real property upon one or more of the following conditions: (1) in event said property was sold at private treaty; (2), in event said property was sold by order of the court or in judicial proceedings; (3), in event said real property was sold for delinquent taxes; (4), in event said real property was sold in any manner for the payment of indebtedness existing against the parties. The decree further provided that in the event of sale of oil or gas lease, ½ of bonus received and ½ of delay rentals be paid to plaintiff to apply on the sum awarded to plaintiff, the other ½ to be retained by defendant, however, plaintiff would not be entitled to any rentals which had been actually assigned for payment of the mortgage debt. The defendant was also required to assume all the existing indebtedness of the parties, in the sum of $24,003.54.

The plaintiff appeals from that part of the judgment dividing the property, contending that the judgment does not provide a manner or method of payment and is not such judgment as contemplated by 12 O.S. 1951 § 1278.

Plaintiff does not challenge the adequacy or fairness of the sum of $8,250.00 She argues, however, that that part of the decree impressing the real estate with a $1,000 lien without providing the type of lien or the manner by which it can be enforced, and an award of an additional sum of $7,250 out of the property only in the event of certain contingencies which might never happen, together with payments in the event of the sale of oil or gas leases, is not a definite sum to be paid in gross or installments,

and is therefore void. Thus, the only question presented by this appeal is the validity or invalidity of that part of the decree relating to the award in lieu of property of a money judgment, if any, to the plaintiff, and the method or manner, if any, of payment.

The record discloses that the property of the parties herein was acquired by their joint industry, and while the decree of divorce entered herein does not render a judgment in favor of the plaintiff in any sum, it could be concluded that it was the intention of the trial court to award a judgment in favor of the plaintiff in the sum of $8,250 as her fair share of the property of the parties.

In Tobin v. Tobin, 89 Okl. 12, 213 P. 884, 887, this court in construing 12 O.S.1951 § 1278, said:

> "Section 4969, R.L.Okl.1910 [12 O.S. 1951 § 1278], when properly analyzed, falls into three divisions:
>
> "First. The first division concerns a decree granting the wife a divorce on account of the fault of the husband, and is as follows:
>
> \* \* \* \* \* \*
>
> "Second. The second division of this section of the statute deals with the property jointly acquired during the marriage, and is:
>
> " 'As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof.'
>
> "This division of the section contemplates and requires that whether the divorce is granted to the husband or the wife, the property jointly acquired by them during the marriage, whether it be in the name of the husband or the wife or both, shall be divided between them in a manner just and reasonable, taking into consideration all the facts and circumstances surrounding the life of the parties, and the efforts of each to accumulate the same.
>
> \* \* \* \* \* \*
>
> "The above-quoted subdivision 2 of said section 4969, R.L.1910, is that provision of the statute on which the authority of the district court to deal with this property in question is based, and the statute in effect is nothing more or less than a direction to the court to divide the jointly acquired property or the property acquired during marriage by the joint industry and efforts of the husband and the wife, in a manner as may appear just and reasonable, either by setting it apart in kind, or if it is not advisable to do that, setting all the property aside to one of the parties and requiring the other to pay in money such sum as may be just and proper to bring about an equitable division thereof."

In the instant case it must be kept in mind that we are not dealing with the question of alimony as set forth in subdivision 1 of section 1278, 12 O.S.1951, but are concerned with a strict division of property as set forth in subdivision 2 of said section. Careful analysis of this subdivision discloses that it was the intention of the legislature to cover the entire subject of the disposition of property when a divorce is granted where the property is acquired through the joint industry of the husband and wife. No mention is therein made of any type of property division except in one of two ways. First: A division in kind, in which event the portion awarded to one would be free from the claims of domination of the other, a complete severance of the common title. See Lawson v. Lawson, Okl., 295 P.2d 769. Second: If the property could not be equitably divided in kind, it should be set apart to one of the parties and that party should be required to make payment to the other of a definite sum as may be just and proper to effect a fair and

just division thereof. It cannot be presumed that it was the intention of the legislature to provide the court with authority to, in its first breath award a sum of one amount and in its next breath award an additional and larger sum in the event of certain contingencies.

 The whole authority of the court for decreeing a division of property is found in this section, and no authority is here found for decreeing other than one definite fixed sum to be paid by the party who has succeeded to the title of the common property.

While the court is vested with wide latitude in determining just what part of jointly acquired property shall be given to each party, and in determining whether or not one of the parties shall receive all the property and the other a money judgment, a division of the property and awarding of money in the present case as set forth in the decree herein was not in compliance with the requirements of the statute.

Although we might conclude that the trial court intended to award a judgment in favor of plaintiff in the sum of $8,250 in lieu of her share of the common property, the evidence concerning the equities of the situation, the ability or inability of the defendant to pay, and the value of the property in view of the financial condition of the defendant is not sufficiently clear in the record, that we can render a specific judgment in this case or direct the trial court as to the exact character of judgment to be rendered.

The judgment insofar as it relates to a division of the property, is reversed and the cause remanded with directions to proceed in conformity herewith.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON, and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by Commissioners J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.