**David Clell FULTON, Plaintiff in Error,**

v.

**Gloria Fern FULTON, Defendant in Error.**

No. 43108.

Supreme Court of Oklahoma.

Sept. 23, 1969.

As Amended Oct. 20, 1969.

James H. Duke, Milor & Thomas, Ardmore, for plaintiff in error.

Ritter & McGuire, by Derril McGuire, Ardmore, for defendant in error.

JACKSON, Justice.

Action by plaintiff, Gloria Fern Fulton, against defendant, David Clell Fulton, for divorce, custody of minor children, child support money, property settlement and alimony. From judgment for plaintiff granting her a divorce, property settlement, alimony, custody of the children and child support, defendant husband appeals.

The case was tried solely on the testimony of the plaintiff wife and oral stipulations made during the trial. Defendant husband presented no testimony.

At the time of trial plaintiff was thirty four years of age. She was married to the defendant in 1951 at the age of seventeen or eighteen. Two children were born of this marriage; a girl fifteen years of age at the time of trial and a boy thirteen years of age. The age of the defendant is not disclosed.

On appeal the defendant complains that the trial court was too liberal in giving the

plaintiff wife too much of his separate property in the form of alimony. His arguments will hereinafter be noted.

The judgment of the trial court gave plaintiff custody of the two children and allowed her child support of $75.00 for each child during minority. It gave her a 1963 Ford automobile; approximately 13 head of cattle and some calves; an undivided one-half interest in 80 acres of land and a life estate in the other one-half (on which was situated the home and household furnishings of the parties); 86 acres of land which had been acquired during the marriage; and alimony at the rate of $75.00 per month for ten years ($9,000.00) or until plaintiff dies or remarries.

The remainder of the property was given to the defendant. This included 400 or 500 acres of land that had come to him from his father; a property in Texas that produced about $2500.00 per year in rentals; a Ford automobile, a truck, hay baler and other farm implements; thirteen head of cattle and some calves, together with any other property standing in his name or acquired by the parties. It was agreed that defendant had an average income of $5,500.00 per year. The court required him to pay existing debts of approximately $3500.00.

■ Defendant complains that the trial court erred in awarding plaintiff an undivided one-half interest in and a life estate in the 80 acre home place of the parties, and in allowing her $75.00 per month as alimony for ten years ($9,000.00) or until she dies or remarries. No complaint is made that the portion of the 80 acre home place awarded to defendant is not free from the claims or domination of the plaintiff, Blount v. Blount, Okl., 425 P.2d 474, and is considered waived. Lawson v. Lawson, Okl., 295 P.2d 769.

An undivided one-half interest in the 80 acre farm and home had been inherited by the defendant from his father. The other one-half interest had been acquired from defendant's sister for $2,000.00. Approximately $2,000.00 had been spent by the parties in improving the home.

Considering the limited ability of the plaintiff to earn a living, her need for a home to raise the children, and the size of the estate received by the defendant from his father, all as disclosed by the record, we are unable to conclude that the trial court erred in its award to the plaintiff. 12 O.S.1961, Section 1278, authorizes the trial court to "allow such alimony out of the husband's real and personal property as the court shall think reasonable having due regard to the value of his (husband's) real and personal estate at the time of said divorce." The evidence does not disclose the value of the inherited land that was retained by the defendant nor the value of the Texas property which produces an annual rental of approximately $2,500.00 per year.

■ The divorce was granted upon gross neglect of duty and extreme cruelty. Defendant argues that *gross* neglect of duty and *extreme* cruelty were not proved and that the awards of alimony to plaintiff constituted a penalty or punishment. As we understand his contention it is that an award of defendant's separate property and of alimony may not be made unless defendant's neglect is *gross* and his cruelty is *extreme*. We do not share that view. Stocker v. Stocker, 173 Okl. 64, 47 P.2d 107. The statute, Section 1278, supra, authorizes alimony from defendant's separate property when the divorce "shall be granted by reason of the fault or aggression of the husband." The divorce in this case was granted by reason of the fault of the husband which was not contradicted by any evidence.

■ In defendant's verified answer he denied that plaintiff was without fault, and alleged that plaintiff had failed to prepare his meals for one year preceding the filing of his answer. Based upon his verified answer and plaintiff's neglect to file a reply denying his pleading he asserts that it stands uncontroverted that plaintiff was at fault and her conduct provocative. Defendant cites no statute or case law holding that his verified answer may be accepted as evidence of the allegation therein

contained. 12 O.S.1961, Sec. 286, (correctness of accounts, execution of written instruments, agency, etc.) is not applicable. In Doggett v. Doggett, 85 Okl. 90, 203 P. 223, we said the requirement of the statute (12 O.S.1961, Sec. 1273) that a petition be verified is for the purpose of showing that the jurisdiction of the court has been invoked in good faith. 12 O.S.1961, Sec. 1274, authorizes a cross-petition for divorce and requires new matter set up in an answer in a divorce case to be verified. We are unable to conclude that this section authorizes verified new matter to be accepted as evidence without testimony.

The judgment of the trial court is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.