J. C. WARD, J. E. (Jack) Ward and Mae Ward, Plaintiffs in Error,

v.

Waunella WARD, Defendant in Error.

No. 42324.

Supreme Court of Oklahoma.

Nov. 12, 1969.

Rehearing Denied Jan. 13, 1970.

Carloss Wadlington, Ada, for plaintiffs in error.

Phillips & Moore, by Bill Moore, Atoka, for defendant in error.

BERRY, Vice Chief Justice.

Plaintiff in error, defendant in a divorce action, has appealed from a trial court judgment granting defendant in error's motion for modification of provisions of the prior divorce decree.

The parties were married in 1950. Plaintiff's son by a prior marriage was adopted by defendant. The parties eventually became parents of six other sons. January 5, 1962, plaintiff sued defendant for divorce, custody of minor children ranging from 2–15 years of age, child support of $200.00 per month, and for described personal and real property acquired during coverture to be set over as her separate property. The real property consisted of a home upon 110 acres of land, adjoining property of defendant's parents, subject to an outstanding mortgage. The trial court granted plaintiff's prayer for an order restraining defendant from molesting plaintiff's physical well being, peaceable possession of the home, or from encumbering or disposing of any property.

Defendant waived issuance of summons, and February 16, 1962, plaintiff was granted divorce and exclusive custody of children subject to reasonable visitation. The decree also provided:

"3. It is further ordered, adjudged and decreed that defendant convey to plaintiff the home now occupied by plaintiff including two acres surrounding said home located on Route #1, Highway 31, eight (8) miles from Coalgate, Oklahoma, said being located within Section 27, Township 2 North, Range 11 East, Coal County, Oklahoma, together with the household furniture and fixtures located therein. Said conveyance to be held in trust for the minor children of said plaintiff and defendant for so long as/and until the youngest child reaches 21 years of age or until all the minor children are gone from this home permanently. And defendant is hereby ordered to continue payments on the outstanding mortgage against said premises and keep

said mortgage payments current at all times.

"4. It is further ordered and adjudged, that the defendant pay plaintiff the sum of $200 per month as and for the support of said minor children. Said monthly payments to be paid to the Court Clerk, Coal County, Oklahoma. First payment in the amount of $100 shall be paid to said Court Clerk on the 15th day of February, 1962, and another $100 payment to be paid on the 1st day of March, 1962 and $100 payment on the 1st and 15th days of every month hereafter until further order of this Court."

The decree also awarded plaintiff an automobile, subject to a mortgage which she assumed, and ordered defendant to pay costs and attorneys' fees within 30 days.

March 21, 1962, plaintiff filed application for contempt citation, based upon defendant's failure to pay child support, or attorneys' fees, and violation of the order against harassment and molestation of plaintiff and her custody of the children. After hearing the trial court adjudged defendant guilty of wilful contempt, determined arrearages of child support, and deferred sentencing until a future date.

On July 18, 1962, a second application for contempt citation was made, including charge of contempt for failure to comply with requirement for payment of mortgage, plaintiff having been advised of threatened foreclosure. Citation issued, and upon hearing defendant again was adjudged guilty. The court deferred sentence for 5 days, within which defendant was to discharge arrearages of child support and satisfy orders for attorneys' fees.

On December 5, 1962, a third contempt citation was issued but returned because defendant was not in the county. December 17, 1962, a fourth citation issued but returned for the same reason. A fifth application by plaintiff was dismissed without prejudice, but March 19, 1963, a fifth citation issued. Defendant then moved to modify the original decree, alleging payment of arrearages and that change in his

financial condition justified modification of original decree to provide $140.00 per month child support. This motion was granted, the decree being modified to require defendant's payment of $70.00 on the first and fifteenth of each month.

June 29, 1964, plaintiff sought modification increasing child support payments to $250.00, based on increased needs of the children, defendant's bettered financial condition, and prior failure to pay support as ordered. Hearing upon this motion resulted in further modification fixing child support of $200.00, payable semi-monthly. This order culminated, December 15, 1964 in plaintiff's sixth application for contempt citation for defendant's failure to comply with the court's order. The matters recited are pertinent as disclosing basis of further proceedings which provoked the real question involved.

April 24, 1965, plaintiff moved for further modification of the original decree asserting defendant's total disregard and failure to comply with the court's orders, shown by six adjudications of contempt. Plaintiff alleged an offer of marriage from a responsible suitor, employed in another state, agreeable to assuming support of herself and minor children; for this reason she desired to sell or rent the home and described 2 acre close; such disposition was impossible unless the decree was modified, by cancellation of prior conditions relating to ownership in trust, and conveyance ordered to plaintiff in fee. Plaintiff asked modification of the decree by cancellation of trust conditions, a survey be ordered, and defendant required to convey fee simple title to home and two acres while discharging mortgage payments. Publication service upon defendant was ordered and the cause set for hearing.

Plaintiff then moved to make J. E. Ward and Turner King d/b/a King Investment Company additional parties defendant because: (1) defendant purported to have conveyed title to J. E. Ward and wife, who in turn had mortgaged property to investment company; (2) the named parties

were asserting right and title to the property. Plaintiff asked such parties' claims to the property be cancelled and fee title be decreed to plaintiff. This motion was granted and process ordered issued, in order to adjudicate the entire rights of all parties concerned. Matters hereafter summarized disclose plaintiff's motion, and bringing in additional defendants, in effect changed a child support proceeding into a quiet title action.

After being made parties the additional defendants jointly demurred to plaintiff's motion upon grounds: (1) relief asked was beyond the court's jurisdiction; (2) plaintiff not entitled to relief, original decree having provided plaintiff's rights in property would terminate upon remarriage or removal from the property; (3) the motion furnished no grounds for changing conditions of original decree.

The demurrer was overruled and defendants responded to plaintiff's motion alleging failure to state grounds sufficient for modification, and applicable statutes of limitation barred the court's right to vacate or modify the judgment. Defendants alleged matters showing defendant's acquisition of 110 acres of land in 1946 and execution of note and mortgage by both plaintiff and defendant to one Dockerman in December 1960, to secure a loan of $3,000.-00; payment of indebtedness and assignment of this mortgage to plaintiff's sister (Birdie Cox), upon threatened foreclosure; defendant's parents, J. E. Ward and wife, purchased property from defendant on December 21, 1962, consideration being payment and release of mortgage; funds to pay mortgage were secured by mortgaging 110 acres to defendant investment company, a substantial portion of this indebtedness remaining unpaid. Defendants then alleged property was subject to mortgage when divorce decree was granted, and lien of investment company, and title of J. E. Ward and wife, should be decreed superior to any rights of plaintiff under decree or any modification thereof. Response was amended to allege original decree, directing

conveyance to plaintiff, was subject to reverter to defendant in event plaintiff remarried or permanently abandoned premises; both conditions had occurred and plaintiff's rights had terminated and reverted to defendant or his grantees, whose title should be decreed superior to any claim by plaintiff.

Defendant also filed motion to modify the decree alleging inability to pay, present earnings being insufficient to support himself and present family, and to make required child support payments.

The evidence established defendant's business kept him away from home much of the time. Following the divorce defendant remarried and had other children. Plaintiff's home was near that of defendant's parents. Apparently contempt proceedings brought to collect child support payments engendered ill feeling against plaintiff. This was manifested in various unkindnesses, which made plaintiff's daily existence unpleasant, and increased the burden of maintaining a home for seven minor sons. After defendant's remarriage, plaintiff married a man whose employment in construction work necessitated moving to various localities. However, when possible, and when the children were in school, plaintiff occupied the home although during more than four years after the divorce defendant never executed the conveyance originally decreed.

During the trial it was brought out the decree was intended to provide a reverter to defendant in event plaintiff remarried or abandoned the premises. Upon conclusion of hearing defendants moved for denial of plaintiff's motion, and a finding intent of the decree was to require reversion to defendant under either condition mentioned. And, because both had occurred plaintiff was not entitled to relief.

After taking the case under advisement the court made written findings which encompassed matters recited. In substance, the judgment entered in conformity with these findings, adjudicated issues next summarized.

The original decree requiring defendant to convey property to plaintiff in trust for the children, and to continue mortgage payments was made for best interests and in order to provide the children a home. Defendant had failed to comply with court's order for conveyance of property and child support payments, and had remarried and has other minor children. Trust conditions of the original decree were vacated due to impossibility of plaintiff living peaceably in the home without harassment from defendant or his parents. The home and two acres should be accurately surveyed and defendant required to execute conveyance within 10 days, or order of conveyance would be entered by the court, defendant to discharge all mortgage payments against home. Defendant's parents had knowledge of provisions in divorce decree concerning this property insofar as related to purported mortgage to investment company. Liens claimed by defendants, Wards and King Investment Company, were not superior to plaintiff's interest. The home and 2 acres were decreed to plaintiff in fee simple, with right to sell at her option and use proceeds to acquire home for plaintiff and minor children. Trust provisions of original decree were set aside, described home property decreed plaintiff's separate property. The original decree was modified in accordance with these findings and judgment.

Joint motion for new trial was filed. Therein defendant Turner M. King d/b/a King Investment Company disclosed payment of the indebtedness by defendants J. E. and Mae Ward, prior to entry of judgment. Defendant King disclaimed any right, title or interest in this property, having released to those named defendants. This appeal concerns questions urged by J. E. and Mae Ward.

Defendants advance three propositions for reversal of this judgment. The first asserts error in two respects: (1) Modification of the original decree upon motion filed by plaintiff in April 1965 was contrary to and not authorized by law, because barred by applicable statutes of limitation expressed in 12 O.S.1961, § 1031; (2) the attempted modification was not a change of an order for support of minor children, but simply an attempted modification of property rights which had become final under the original decree.

■ Defendants first argue the original decree was a settlement of property rights, which became final, and thus was not subject to modification upon change of circumstances. Citing 24 Am.Jur., Divorce and Separation § 941; 27B C.J.S. Divorce § 300(4). On this basis defendants urge modification was ordered more than 3 years after rendition of the decree, hence any proceeding to modify that judgment was barred under 12 O.S.1961, § 1038. We observe the sole premise of this argument is that setting aside the home and acres of ground to plaintiff was a settlement of property rights. This argument is without substance in view of the language of the original decree. The court specified the household furnishings and the home were "in trust for the minor children * * * until the youngest child reaches 21 years of age * * *."

It is unnecessary to construe or consider language of the decree which purported to limit the order affecting rights of the minor children by creation of a reversionary interest in event of plaintiff's remarriage or abandonment of this property. The responsibility to furnish a home and support for the children rested upon defendant. The trial court's intention to provide these children a home during minority was expressed clearly. Under 12 O.S.1961, § 1277, a trial court has continuing, exclusive jurisdiction to modify any order when circumstances render change proper, either before or after final judgment. Miracle v. Miracle, Okl., 360 P.2d 712; Tisdell v. Tisdell, Okl., 363 P.2d 277.

The second ground argued (under this proposition) arises from defendants' claim provision of the original decree was in the nature of alimony payable out of the husband's separately acquired property, under 12 O.S.1961, § 1278. Numerous decisions

dealing with alimony and property rights are cited as supporting defendants' conclusion plaintiff's motion to modify was defective for failure to comply with 12 O.S.1961, § 1031, relating to vacating or modifying a judgment after term. This argument is without substantial merit when measured against the trial court's clearly expressed, discretionary judgment concerning the best interests of the minor. The settled principle which vests trial courts with continuing jurisdiction, of all matters involving best interests of minor children of divorced parents, destroys the premise from which defendants' argument is advanced.

Matters mentioned above are dispositive of defendants' second contention, which urges bar of the statute of limitations under 12 O.S.1961, § 1038.

■ Defendants finally contend the court erred in failing to enforce the original decree directing reverter of title to defendant upon plaintiff's remarriage, since plaintiff had no right to have this condition changed after remarriage. The trial court originally expressed no reason for including such condition in the conveyance ordered in the divorce decree. However, in view of defendant's failure and refusal to execute conveyance ordered originally, argument urging error in this regard is without merit. Under the trial court's continuing jurisdiction to provide for welfare and maintenance of the children, it was within the court's discretion to provide means of establishing a home for benefit of these children. Modification of the prior decree by voiding a limitation adverse to the minors' welfare was within the court's discretion.

Judgment affirmed.

IRWIN, C. J., and DAVISON, BLACKBIRD, and HODGES, JJ., concur.

LAVENDER, J., concurs in result.

WILLIAMS, JACKSON, and McINERNEY, JJ., dissent.