*Decision will be entered under Rule 155.*

F. M. CARTER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5690-71. Filed April 9, 1974.

---

*James L. Edgar*, for the petitioner.
*Michael J. O'Brien*, for the respondent.

GOFFE, *Judge:* The respondent determined deficiencies in the petitioner's Federal income taxes for the taxable years 1968 and 1969 in the amounts of $245 and $251, respectively. The single issue presented for decision is whether the petitioner, a noncustodial divorced parent, is entitled to dependency exemptions for his two minor children.

### FINDINGS OF FACT

Some of the facts are stipulated. The stipulation of facts together with the exhibits attached thereto are incorporated herein by reference.

Petitioner resided in Tulsa, Okla., on the date of the filing of the petition herein and filed separate individual income tax returns for the taxable years 1968 and 1969 with the Internal Revenue Service Center at Austin, Tex.

Petitioner F. M. Carter and Novella Carter (Novella) were divorced on November 28, 1967, after 20 years of marriage. In her petition filed in the District Court of Tulsa County, Okla., Novella prayed the court to:

grant and award the plaintiff a decree of divorce from the defendant; a fair and equitable division and distribution of the property accumulated by the parties; an order restraining the defendant from bothering or molesting the plaintiff; suit money; temporary and permanent attorneys fees; costs expended by plaintiff; and such other and further relief as to which the plaintiff may be entitled and which may be deemed just and proper by the Court.

In a cross-petition filed with the court, petitioner sought custody of the children.

The divorce decree filed in the District Court awarded custody of the minor children, Foy and Karen, aged 14 and 8, respectively, to Novella subject to reasonable visitation rights on the part of petitioner. The petitioner was directed to pay the total sum of $70 per month as child support to Novella. The divorce decree provided:

That the legal title to the real estate of the parties hereto is hereby vested in F. M. Carter. That plaintiff shall be entitled to the use of the premises, rent free, during the minority of the children, to-wit: Foy Montez Carter and Karen Marsette Carter, provided, however, that this portion of the decree shall be effective only so long as the plaintiff remains in the house, and lives in said house alone with the children, and remains single. Upon majority of the children, possession shall revert to F. M. Carter.

The divorce decree also provided that Novella would receive free of indebtedness the household furniture, lawnmower, and family Bible and that petitioner would receive the 1959 Chevrolet automobile, the pickup truck, his clothing, personal effects, and tools. Petitioner was not ordered to pay amounts designated as alimony to Novella. No separate agreement between petitioner and Novella was entered into with respect to their divorce. The judgment of divorce was not appealed and thus became final on May 28, 1968.

A three-bedroom residence on East 32d Place North in Tulsa, Okla., the only real estate owned by the parties, was purchased by petitioner and Novella as joint tenants with right of survivorship in September 1954. After the purchase mortgage note had been repaid from the salaries of both petitioner and Novella, the parties borrowed the amount of $3,700 from the Security Federal Savings & Loan Association in Tulsa and jointly executed another mortgage note on the property on March 29, 1963, in that amount to be repaid in monthly installments of $54 at an annual interest rate of 6.6 percent.

Petitioner and Novella purchased a stove and refrigerator from Sears & Roebuck in 1963. They had purchased a stereo prior to this year. The indebtedness incurred by reason of these purchases was repaid prior to their divorce in 1967.

After the divorce, petitioner left the residence. During each of the taxable years 1968 and 1969, petitioner, employed as a supervisor in the Sanitation Department of the City of Tulsa, made mortgage payments on the residence totaling $770.40, which included principal and interest. Also included in these mortgage payments were casualty insurance premiums of $71 and real estate taxes of $106.52 in 1968 and insurance premiums of $81.84 and taxes of $104.69 in 1969 which were added to the outstanding principal of the mortgage loan. He did not receive any payments of rent from Novella or other assistance from her in making these mortgage payments. The fair rental value of the residence during 1968 and 1969, exclusive of utilities, was $100 per month unfurnished and $130 per month furnished.

During the taxable years involved, Foy was a full-time high school student and Karen was a full-time elementary school student in Tulsa, Okla. Both were citizens of the United States, and neither of them was married during any part of either of the 2 years. After the divorce and during the years 1968 and 1969, Foy and Karen resided with

Novella in the residence located at 2231 East 32d Place North, which had been acquired during their parents' marriage. Petitioner and Novella together furnished more than half of the support of Foy and Karen during these taxable years.

During each of the taxable years 1968 and 1969, petitioner made annual child support payments of $420 per child. In 1968 and 1969, he paid $165 and $289, respectively, in medical insurance premiums so that Foy and Karen would be included under his group insurance plan obtained by reason of his city employment.

In exercising his visitation rights, petitioner took the children to church with him on Sundays. Usually once each week, petitioner took the children with him to such sporting events as football and basketball games and bought hamburgers for them. Petitioner also took them to his mother's house, where he lived, which was located in Tulsa, Okla., for dinner on some occasions. When Foy played basketball for the church team, petitioner took Foy to some of his games; at other times Foy would ride the church bus. The total expenditures made by petitioner for the support of the two children during 1968 and 1969 are therefore recapitulated as follows:

|  | 1968 | 1969 |
|---|---|---|
| Lodging | $800 | $800 |
| Child support | 840 | 840 |
| Entertainment and food expenses | 104 | 104 |
| Car expenses (Foy's church games) | 5 | 5 |
| Medical insurance | 165 | 289 |
| Total | 1,914 | 2,038 |

Throughout the marriage, Novella was gainfully employed except for short periods of time before and after the birth of each child. At the time of the divorce, she was working as a beautician; prior to 1967 and also after the divorce, she was employed at Renberg's Department Store in Tulsa, Okla. During the taxable years 1968 and 1969, Novella did not receive any welfare payments.

The total amounts expended by Novella for the support of Foy and Karen, without deducting annual child support payments of $840 which may have been utilized by her for such expenditures, were $932.63 in 1968 and $984.92 in 1969.

On his Federal income tax returns for each of the taxable years involved, petitioner claimed a dependency exemption of $600 for each of his two children. In the statutory notice of deficiency mailed to petitioner, the respondent determined that petitioner had neither met the requirements of section 152(e)(2) [1] nor demonstrated that he fur-

---

[1] All statutory references are to the provisions of the Internal Revenue Code of 1954 in effect during the taxable years involved.

nished more than half of the children's total support and on such basis he disallowed the dependency exemptions.

OPINION

Petitioner and his former wife together furnished over one-half of the support of their two minor children; therefore, section 152(e) of the Code is applicable.[2] Because the children were in the custody of petitioner's former wife, Novella, she is presumed to have provided over one-half of the children's support unless section 152(e)(2) applies. Petitioner must, therefore, first establish that he furnished over $1,200 of support for the two children. Sec. 152(e)(2); sec. 1.152-4(d)(3), Income Tax Regs. This will entitle him to the dependency exemptions unless the custodial parent, Novella, clearly establishes that she furnished more support for the children than did petitioner.

The case turns on who furnished the support item of lodging in the form of the house occupied by Novella and the dependent children. We have found fair rental value of the house to be $1,200 per year.

The divorce decree contained the following provision with respect to the house:

That the legal title to the real estate of the parties hereto is hereby vested in F. M. Carter. That plaintiff shall be entitled to the use of the premises, rent

---

[2](e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA.—

(1) GENERAL RULE.—If—

(A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody).

(2) SPECIAL RULE.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or

(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.

free, during the minority of the children, to-wit: Foy Montez Carter and Karen Marsette Carter, provided, however, that this portion of the decree shall be effective only so long as the plaintiff remains in the house, and lives in said house alone with the children, and remains single. Upon majority of the children, possession shall revert to F. M. Carter.

Respondent contends that Novella's use and possession of the house provided for in the divorce decree represented her share of jointly acquired property as part of the divorce and she, therefore, furnished the home for the support of the children. Respondent relies upon *Delbert D. Bruner*, 39 T.C. 534 (1962). That case involved a divorce under Texas law. We found there that the wife exchanged her interest in community property for certain property and the right to use and occupy the house.

The nature of the rights of petitioner and Novella in the residence must be determined under Oklahoma law, the jurisdiction in which the divorce was granted. The house was acquired by petitioner and Novella during their marriage as a result of their joint efforts and is, therefore, "jointly acquired property" under Oklahoma law.

The division of jointly acquired property upon divorce under Oklahoma law is controlled by Okla. Stat. Ann. tit. 12, sec. 1278 (1961).[3]

The terms of the divorce decree point to the occupancy as a benefit for the children. Novella was given the right to occupy the residence only while the children were minors and only so long as she lived alone with the children and did not remarry. Petitioner continued to make payments on the outstanding indebtedness on the house and petitioner was given sole legal title. Such provisions are in the nature of support of the children. *Ward* v. *Ward*, 462 P. 2d 659 (Okla. 1969).

The Oklahoma law is quite clear that the right of Novella to occupy the house cannot be in recognition of her rights to jointly acquired property. When an Oklahoma divorce court divides jointly acquired property, it cannot separate title from possession.

Quotations from two cases decided by the Oklahoma Supreme Court explain the concept of dividing jointly acquired property in a divorce action:

---

[3] Sec. 1278   Disposition of property—Restoration of wife's maiden name—Alimony.

* * * 'As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, *by a division of the property in kind*, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper. R.L. 1910, sec. 4969. [Emphasis added.]

26

In *Kupka* v. *Kupka*, 124 P. 2d 389 (Okla. 1942), the court said at page 391:

While the quantity to be awarded to each party is left largely to the discretion of the court (*Nelson* v. *Nelson, supra*), *the nature of the estate to be awarded is not a matter of judicial discretion.* The statute does not permit it. It says that the court "shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof." The plain purpose of that provision is that the property be so divided that the portion awarded to one would be free from the claims or domination of the other, a complete severance of the common title. Here, the property was land held in fee simple. A division in kind could be nothing short of a division in fee. [Emphasis added.]

In *Lawson* v. *Lawson*, 295 P. 2d 769 (Okla. 1956), the court said at page 771:

To comply with the statute, *the entire title with right of possession to part of* the property should have been given to one and the *entire title with right of possession to the remainder* should have been given to the other. Neither should have been required to account to the other for what he or she did with the property or the income derived therefrom. If one party thereby was awarded property in excess of what the trial court thought he or she was equitably entitled to, a lien could be established thereon securing the payment of such sum as the court thought necessary to adjust the equities. In other words, the property awarded to each should be free from the claims or domination of the other. [Emphasis added.]

The holding of these two cases was more recently reaffirmed in *Palmer* v. *Palmer*, 465 P. 2d 156 (Okla. 1969).

It follows that petitioner furnished the house for the benefit of the children. We found that the fair rental value of the house was $1,200 per year for both of the years in issue. As the house was occupied by three persons, $800 in lodging was furnished by the petitioner each year for the two children. *Emil Blarek*, 23 T.C. 1037 (1955).

Having found that petitioner furnished over $1,200 per year, the burden is on the custodial parent, Novella, to establish by a clear preponderance of the evidence that she furnished more of the support for the children than did petitioner. Sec. 152(e)(2)(B)(ii); sec. 1.152-4(d)(3), Income Tax Regs.

Novella testified on behalf of the respondent and her proof of support for the dependent children clearly shows that she expended less than $1,000 per year for the two children. She received $840 per year in child support payments from petitioner which is not support furnished by her. She, therefore, furnished less than $150 per year in support and has failed to establish that she furnished more support than petitioner.

Petitioner is, accordingly, entitled to the two exemptions for his dependent children in each of the taxable years 1968 and 1969.

It is unnecessary for us to consider petitioner's alternative ground that petitioner's payments on the house represent deductible alimony payments as we have decided the case in favor of petitioner.

*Decision will be entered for the petitioner.*