**Lois Louise MABRAY, Appellant,**

v.

**J. M. MABRAY and Mildred Earlene Mabray, Appellees.**

**No. 47933.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 20, 1976.

Rehearing Denied March 9, 1976.

Released for Publication by Order of Court of Appeals May 20, 1976.

Lane & Adams, Catoosa, for appellant.
Jim Jones, Sallisaw, for appellees.

ROMANG, Judge.

After thirty years of marriage, Lois Louise Mabray (Lois) was granted a divorce from John Marion Mabray (John) on the grounds of incompatibility. The divorce case was No. D–71–102 in Sequoyah County, Oklahoma. The Decree of Divorce was dated October 15, 1971, and it contained the following:

"Plaintiff is awarded as her sole and separate property, . . the following:

*B. Real Property*

1. A life estate in the home located at 518 S. Wheeler, Sallisaw, Oklahoma, which is described as that portion of Lots 4, 5, 6, 7, 8 and 9, Block 2, in Gilbert Addition that is West of the alley. The Plaintiff can live there for the rest of her life provided that the said life estate terminates upon her death or remarriage. The Plain-

tiff can neither mortgage nor sell the said property. Plaintiff is to maintain the upkeep on the house as to usual repairs and not to commit waste on the house. Plaintiff is to pay taxes which shall include the advalorem taxes and maintain $16,500.00 of fire insurance on said home."

No appeal was made by either party from said Decree of Divorce, and thus it became final.

John later married Mildred, and on December 6, 1973, they filed this present action against Lois. They alleged in their petition that the attempted creation of a Life Estate in the said Decree of Divorce was beyond the jurisdiction of the court and subject to collateral attack in this action, and that the plaintiffs are entitled to have their title quieted against Lois. Trial of the present case to the court, resulted in judgment for the plaintiffs, which reads:

"The Court finds that the said life estate was attempted to be established by the order of the Honorable Marshall Warrell, District Judge, assigned, made in Case No. D–71–102, but that the said property was the separate estate of the plaintiff, J. M. Mabray, since he was approximately twelve (12) years of age, and was beyond the jurisdiction of the Court in the sense that the Court did not have the power to render the decision establishing said life estate under the theory of a division of the jointly acquired property. That there was a clear award of alimony, separate and distinct from the property settlement, set forth in said case, therefore, being beyond the power of the Court, the attempted life estate was null and void and is subject to the collateral attack and is not res judicata.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the plaintiff's title in fee simple, and possession thereof, is hereby quieted and forever placed at rest in the following described property, situated in

Sequoyah County, State of Oklahoma, to-wit:

. Lots 4, 5, 6, 7, 8 and 9, Block 2 of Gilbert's Addition to the Town of Sallisaw, Oklahoma,

and that they are to be restored to actual possession thereof."

Defendant, Lois, has appealed. The question is whether the trial court exceeded its jurisdiction and authority in the divorce case to create the so-called life estate.

In *Fulton v. Fulton,* Okl., 460 P.2d 114 (1969) the opinion reads:

"[1, 2] Defendant complains that the trial court erred in awarding plaintiff an undivided one-half interest in and a life estate in the 80 acre home place of the parties, and in allowing her $75.00 per month as alimony for ten years ($9,000.00) or until she dies or remarries. No complaint is made that the portion of the 80 acre home place awarded to defendant is not free from the claims or domination of the plaintiff, *Blount v. Blount,* Okl., 425 P.2d 474, and is considered waived. *Lawson v. Lawson,* Okl., 295 P.2d 769.

"An undivided one-half interest in the 80 acre farm and home had been inherited by the defendant from his father. The other one-half interest had been acquired from defendant's sister for $2,000.00. Approximately $2,000.00 had been spent by the parties in improving the home.

"Considering the limited ability of the plaintiff to earn a living, her need for a home to raise the children and the size of the estate received by the defendant from his father, all as disclosed by the record, we are unable to conclude that the trial court erred in its award to the plaintiff. 12 O.S.1961, Section 1278, authorizes the trial court to 'allow such alimony out of the husband's real and personal property as the court shall think reasonable having due regard to the val-

ue of his (husband's) real and personal estate at the time of said divorce.' "

Upon examination of the remarks of the trial judge in the divorce case, we notice the following:

"Here we have some real estate that I don't want to force a sale on, . . ."

"But we can't set a woman that is fifty years old, out in the street, that is not trained to work."

" . . . the house was valued at $30,900.00. I couldn't award the house to Mrs. Mabray, for the simple reason that she would be getting more than what I feel would be her part. . . . So I have decided to award Mrs. Mabray a life estate in the home."

What Lois was awarded was far less than a life estate in and to the home. A life estate does not terminate upon remarriage, and there are other incidents of a life estate which were not included in the provision made.

It appears that the trial judge was trying to make some provision for the support and maintenance of Lois other than the money award included in the Decree. What Lois received was only a possessory right subject to a number of contingencies. The trial court has the authority to make provision for the support and maintenance of the wife out of the separate property of the husband, when the divorce is granted by reason of the fault of the husband. 12 O.S.1971, § 1278. The trial judge could have ordered the home sold and any part or all of the proceeds paid to wife for her future support and maintenance, but he thought it more satisfactory to all concerned to grant the wife a possessory right until she remarried or died.

In *Lawson v. Lawson,* Okl., 295 P.2d 769 (1956), the syllabus states:

"Unless its application is waived by the parties the statutory provision relating to division of the property between divorced parties intends that property be so divided that the portion awarded to one

spouse is free from the claims or domination of the other, and there is a complete severance of common title."

And in the opinion the court said:

"In many instances in divorce cases the parties are agreeable to the ownership of the property in common, as evidenced by contract or by lack of objection to the trial court's order determining the size of the respective shares in common property. Such was the situation in the case of *Smith v. Smith*, 206 Okl. 206, 242 P.2d 436."

It is our judgment that the trial court had the jurisdiction and authority to make the provision made for the so-called "life estate" in and to the home which was the separate property of the husband. Any right to object to said provision because the home would not be free from the claims or dominion of the husband, was waived by the husband when he failed to appeal from that portion of the Decree of Divorce. *Fulton v. Fulton,* supra.

In view of this conclusion, the judgment herein is hereby reversed, and this case is remanded with direction to enter judgment for the defendant, Lois.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.